Hart *v.* Hammett.

## JONATHAN HART *v.* BARNABAS HAMMETT.

When technical words are used in a written agreement, parol evidence is admissible to show their meaning; and if it thereby appears that the words used may have different applications, parol evidence is admissible, to prove what was said by the parties at the time of the execution of the written agreement, for the purpose of showing the sense in which they understood the words.

Where a written agreement for the sale of a quantity of lamp oil contained a warranty, that the oil should "stand the climate of Vermont without chilling," it was held, that it should be construed as a warranty, that the oil would not chill, when employed, in Vermont, in the uses to which lamp oil is ordinarily applied.

THIS was an action on the case, founded on an agreement for the sale of a quantity of lamp oil. Plea, the general issue, and trial by jury,—BENNETT, J., presiding.

On trial the plaintiff gave in evidence a written agreement, signed by the defendant, dated Oct. 30, 1839, which was in these words. " I have this day sold to Jonathan Hart two hundred seventy five ' gallons of winter strained lamp oil, to be delivered at E. & J. Her- ' rick's store, New York, by the 12th day of November next; the ' oil to be equal to the sample this day left at Follett & Bradleys' ' store, and warranted to stand the climate of Vermont without chill- ' ing." The evidence on the part of the plaintiff tended to prove that the oil delivered was of a poor quality, and that it would not stand the climate of Vermont without chilling. The plaintiff was allowed, by the court, to introduce parol evidence, to prove the sense in which the term " winter strained lamp oil " is used by those who deal in oil; and it appeared, from all the testimony, that this term is sometimes used to designate winter strained *sperm* lamp oil and sometimes to designate winter strained *whale* lamp oil, and that the whale oil is inferior in quality to the sperm oil; and it also appeared, that the oil delivered by the defendant to the plaintiff, in fulfilment of the contract, was winter strained whale lamp oil.

The defendant introduced evidence tending to prove, that the plaintiff accepted the oil, after having compared it with the sample referred to in the agreement. The defendant then offered to prove,

Hart v. Hammett.

by parol, that he informed the plaintiff, at the time the written agreement was executed, that the sample, and the oil which he was selling to him, was not sperm oil, and that he did not sell it to him as such, and that he could not tell him what it was. To this evidence the plaintiff objected; but it was admitted by the court, as tending to prove in what sense the parties understood the term " winter strained lamp oil."

The court instructed the jury, as to the warranty. contained in the written agreement, that, if they found from the evidence that the oil delivered was of such a quality, as would stand the climate of this State, without chilling, in all the ordinary uses to which lamp oil is applied, whether in dwelling houses, shops, or factories &c., and in the manner in which, in business, oil was required to be used, this would be sufficient to answer the contract.

The jury returned a verdict for the defendant. Exceptions by plaintiff.

*A. Peck* and *J. McM. Shafter* for plaintiff.

1. The evidence offered by the plaintiff, to show the sense, in which certain words in the written agreement are used by those who deal in oil, was properly admitted. It did not tend to show, that the parties intended, by their contract, something different from what they said, but tended to show what they did say. *Smith* v. *Wilson*, 23 E. C. L. 169, *Clayton* v. *Gregson*, 30 E. C. L. 400. *Coit* v. *Commercial Ins. Co.*, 7 Johns. 385. *Sleght* v. *Hartshorn*, 2 Johns. 531.

2. The introduction of this evidence by the plaintiff did not open the case to parol evidence of declarations, or conversations, of the parties, even at the time of the execution of the contract, to show their intent. *Goblet* v. *Beechy*, 3 Sim. 245, [5 Eng. Cond. Ch. R. 12.] *Barber* v. *Brace*, 3 Conn. 9.

3. The court erred in the construction of the contract. The warranty is absolute and unqualified, and not confined to the oil while in use, as construed by the court. *The court limited the* warranty to the effect of the climate upon the oil, when " in the *ordinary* uses, to which lamp oil is applied." If the warranty is to be limited to the oil *when in use*, it clearly ought to extend to all its uses, instead of being limited to *ordinary* uses. *Bullock* v. *Dom-*

Hart *v.* Hammett.

*mitt,* 6 T. R. 650.   *Voluntine* v. *Godfrey,* 9 Vt. 186, *Doe* v. *Harvey,* 21 E. C. L. 286.   *Barker* v. *Hodgson,* 3 M. & S. 267.   *Tufnell* v. *Constable,* 34 E. C. L. 228.

*D. A. Smalley* and *E. J. Phelps* for defendant.

1.   If there is any ambiguity in the contract, it is created by the parol evidence of the plaintiff, and certainly it must be explained by the same kind of evidence.   The question is, what did the *parties* mean by " winter strained lamp oil ?"   The evidence offered by the defendant on that point was the most clear and satisfactory that could be adduced, and was properly admitted.   1 Phil. Ev. 531, 532.   Cow. & Hill's Notes to Phil. Ev., Part 2, 1362.   *Coit* v. *Starkweather,* 8 Conn. 290.   3 Stark. Ev. 1001, 1020–23, 1028.   Chit. Cont. (5th Am. Ed.) 104–6.

2.   Contracts are to have a *reasonable construction,* and one as near the apparent intention of the parties as the rules of law will admit.   Chit. Cont. 73–75, 84.   The legal effect of the contract in this case is, that the oil shall " stand the climate " in the ordinary uses, to which lamp oil is usually put; and not, that *no exposure,* however unusual, would chill it.

The opinion of the court was delivered by

BENNETT, J.   On the trial evidence was given by the plaintiff, tending to prove that dealers in oil sometimes understand, that the kind of oil specified in the written contract means *winter strained sperm lamp oil,* and that sometimes the term *winter strained lamp oil* means either *whale* or *sperm* oil.   In this state of the case parol evidence was offered, to show how the parties understood the term " winter strained lamp oil," as used in this contract; and the first question to be disposed of relates to the admissibility of such evidence.   It is claimed in argument, that it was competent for the plaintiff to show by parol evidence the sense, in which the words " *winter strained lamp oil,*" by the usage of the trade, are understood, and that they mean " winter strained sperm lamp oil."   Of this we have no doubt.   But it is said, that this will not open the door, so as to permit the defendant to show, by parol, the sense in which the parties understood the terms, when they entered into the contract.   That it was competent for him to show, by parol, that

17

the terms, by the usage of the trade, included both *sperm* and *whale* oil, no one can doubt. The object in admitting proof of usage in such case is, that effect may be given to the contract, according to the intent of the parties. Can there be any sound objection to the defendant's showing, by parol, the sense, in which the terms were in fact used by the parties, when making the contract?

It may well be conceded, that *parol* evidence should not be admitted, to support a construction different from what the words themselves imply. To permit this would be to permit a written contract to be controlled by parol testimony. Parol evidence *is,* however, admissible, to give an application of a written contract to its subject matter, in cases in which the thing, as expressed, is applicable, indifferently, to more than one subject. 1 Phil. Ev. 531; Id., Cow. & H. Notes, 1362, n. 939, and authorities there cited. In such case, the question being what was *intended* to have been expressed through the written instrument, any evidence, which would be pertinent to that inquiry, should be received. Wigram on Extr. Ev. 118. In many cases an inference of intention is drawn from circumstances. If the intention of the parties is expressly declared, this should be regarded as far more satisfactory, than to have the intention inferred; and evidence to this point cannot but be material and relevant to the inquiry. The evidence in this case shows that this contract, in its terms, is equally applicable to *sperm* or *whale* oil, and no rule of law is violated in giving it an application to the one, or the other, by the aid of evidence *aliunde* the contract.

We think, there is no well founded objection to the charge of the court. The provision in the contract, that the oil should stand the climate of Vermont *without chilling,* is to have a reasonable construction, and such as the parties intended. To suppose that the parties intended, that the oil should be such as would not *chill* in any possible exposure, is unreasonable; and probably no such oil is to be found. If it would not chill by any reasonable exposure, this should be held sufficient. The court instructed the jury, that the oil must not be such as would *chill,* when exposed in the manner, in which, in business, it is required to be used, and this without any limitation. This involves every reasonable exposure, whether used in lighting a dwelling house, a grist mill, a livery stable, or

the public streets. If the oil would stand the climate of Vermont without chilling, when exposed, as it must be, in its use in the various business of life, in which it becomes necessary that it should be used, this, we think, is all that the plaintiff has a right to claim in this particular.

The judgment of the county court is affirmed.