## WILLIAM H. RUGG AND WIFE *v.* PATRICK WARD.

### *Deed. Latent ambiguity. Oral evidence.*

Where the description in a deed is mostly by courses and distances, which when applied to the premises, will not coincide exactly with the monuments given, nor return to the point of beginning, oral evidence is admissible to explain the ambiguity.

Trespass for the cutting of certain trees. Heard upon the report of a referee at the September term, 1891, Tyler, J., presiding. Judgment *pro forma*, for the plaintiffs. The defendant excepts.

In 1865 the female plaintiff conveyed the premises owned by the defendant to one Hallihan describing them as bounded on the east by the "Lewis H. Beals farm," and Hallihan conveyed to the defendant by the same description. It was claimed that the trespasses were committed on the said Lewis H. Beals farm, of which the female plaintiff had become the owner, and the question was as to the location of the division line.

In 1857 certain proceedings were had in the Probate Court for the partition of this Lewis H. Beals farm, and the present west line was then surveyed out by monuments, courses and distances. A portion of the farm bounded on the west by this line was set by such courses and distances to Gridley Beals. The next year Gridley Beals conveyed the premises so set to him to one Lewis E. Beals, who thereby became the owner of the whole of the Lewis H. Beals farm. In 1864 he conveyed to one Page, who in 1888 conveyed to the female plaintiff.

Beginning at the point of beginning and running the controverted line by the courses and distances as specified in the set-out to Gridley Beals, the alleged trespass would be upon the defendant's land, but the courses and distances so applied would not return exactly to the point of beginning.

For the purpose of showing the location of the disputed line as claimed by them, the plaintiffs introduced parol testimony against the defendant's exception, tending to show that in 1847, the owner of the defendant's farm and the owner of the Lewis H. Beals farm agreed upon the location of this line between the two and employed the same surveyor to run it out who afterwards made the survey used in the Probate Court; that the termini of this line were then established, and the line indicated by marked trees; that in making the survey for the Probate Court ten years afterwards he intended to follow the same line; that the termini were still standing and that he re-marked the line trees. The evidence of the plaintiffs further tended to show that there was a high perpendicular ledge which formed a natural boundary between the two farms, which was a part of the line agreed upon and run out in 1847, and which was referred to in the description used in the Probate Court.

The referee found the line as claimed by the plaintiffs, provided the parol evidence above referred to was admissible.

*A. P. Cross*, for the defendant.

The record in the Probate Court established the line in dispute. The female plaintiff subsequently to such record conveyed the defendant's farm to the defendant's grantor and bounded it by the line so established. Hence that line is conclusive upon her and the written description cannot be varied by parol. *Ex'r. of Stevens* v. *Hollister*, 18 Vt. 300 ; *Hodges* v. *Strong*, 10 Vt. 247 ; *Lippett* v. *Kelley*, 46 Vt. 514 ; *Bagley* v. *Movill*, 46 Vt. 94 ; *Keenan* v. *Cavanah*, 44 Vt. 276 ; *Barnard* v. *Russell*, 19 Vt. 334 ; *Pingry* v. *Watkins*, 17 Vt. 379, 386.

*H. C. Adams*, for the plaintiff.

The courses and distances given in the record in the Probate Court are not consistent with the other monuments mentioned, nor with themselves. Hence parol evidence was properly admitted to show what the true line was. *Hull* v. *Fuller*, 7 Vt. 100 ; *Patch* v. *Keeler*, 28 Vt. 332.

Parol evidence may be introduced to show that a monument was erected which .was not referred to in the deed. *Clary* v. *McGlynn*, 46 Vt. 347.

The opinion of the court was delivered by

ROSS, Ch. J. The question in controversy, is in regard to the division line between the land of the plaintiff and the land of the defendant.

The referee reports, that, if the oral testimony admitted, was properly received and considered, the line is as claimed by the plaintiff. The defendant derived his title from Stephen Hallihan, who received his from the plaintiff's wife. On the controverted line, they were bounded by the Lewis H. Beals farm. That farm was surveyed, and partitioned between the heirs of Lewis H. Beals in 1857. The portion adjoining the defendant's land was set to Gridley Beals. The survey of this portion is mostly by courses and distances. When these are applied to the land, commencing at the point specified and running, either as claimed by the plaintiffs, or as claimed by the defendant, some of the distances where no monuments are specified in the description, must be disregarded to some extent, to return to the point started from. This raises a latent ambiguity, or uncertainty, to solve which, oral testimony may be received. As said by Redfield, Ch., J. *in Patch et ux.* v. *Keeler et al.*, 28 Vt. 332, " It is evident that the uncertainty arises from the state of the subject matter, and not from the terms used in setting out the dower. And it being a latent ambiguity, it may commonly be explained by oral evidence. As it arose from the nature of the subject matter, oral evidence is admissible always to ascertain that subject matter."

To the same effect is *Hull* v. *Fuller*, 7 Vt. 100 ; *Clary* v. *McGlynn*, 46 Vt. 347; *Pingry* v. *Watkins*, 17 Vt. 379. None of the cases cited by the defendant's counsel controvene these decisions. When no uncertainty arises in regard to which of two claimed lines is the correct one, upon application of the courses and distances, or other description of the premises; to the

subject matter, then, unless controlled by monuments, the line indicated by the courses and distances must be taken. The language of the description controls, unaided by oral testimony, and it is the duty of the court to construe it.

But if the application of the description to the subject matter manifests that all its terms cannot exactly be fulfilled, and that by rejection of nearly equal portions of the description, by varying the courses, or shortening or lengthening the distances, in two or more ways the description becomes applicable, and it is uncertain which is the one intended by the parties, oral testimony may be received to remove the uncertainty, as was done by the referee.

*Judgment affirmed.*