THE NEW ENGLAND GRANITE WORKS *vs.* HARRIET BAILEY.

October Term, 1896.

Present: TAFT, ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Parol Evidence to Explain Written Contract.*

The plaintiff contracted in writing to furnish "white Westerly granite." That which it did furnish was of a reddish color, but its evidence showed that such stock was classed as white by the trade. Thereupon it became proper for the defendant to show that the expression was likewise applied to stock of a bluish tinge, and that it was the latter which the parties had orally agreed should be furnished.

ASSUMPSIT in the common counts. Pleas, non assumpsit and several special defenses. Trial by court at the March Term, 1896, Washington County, *Ross,* C. J., presiding. Upon the facts found, which are substantially stated in the opinion, judgment was rendered for the defendant. The plaintiff excepted.

*F. L. Laird* for the plaintiff.

The parol evidence was improperly admitted. *Daggett* v. *Johnson,* 49 Vt. 345; *Smith* v. *Jeffryes,* 15 M. & W. 561; *Herrick* v. *Noble,* 27 Vt. 1; *Taylor* v. *Sayre,* 24 (N. J. L.) 647; *DeWitt* v. *Berry,* 134 U. S. 312.

*T. J. Deavitt* and *S. C. Shurtleff* for the defendant.

When words are used in a written contract which have a

technical meaning, parol evidence is admissible to show what they mean to the trade, and when the plaintiff avails himself of this rule it becomes proper for the defendant to prove what was said by the parties when the writing was made as showing the sense in which they understood the terms. *Hart* v. *Hammett*, 18 Vt. 127.

THOMPSON, J. The plaintiff seeks to recover for a balance alleged to be due it for a monument erected on the defendant's lot in Montpelier cemetery. By the terms of the contract which was in writing, the monument was to be of *"white* Westerly granite." The monument erected was of a reddish or chocolate tinge in color. The defendant refused to accept the monument on account of its color, claiming that it must be of a whiter shade to fulfil the contract in respect to color.

The county court found that there are different varieties of Westerly granite known among dealers as "white Westerly granite," none of which are pure white. The coloring material intermixed in some, is of a reddish cast, which will give to the polished surface a chocolate tinge or color, and a slighter tinge or color of the same kind to the hammered surface. These tinges or colors are not all of the same intensity. In another variety of white Westerly granite, the coloring matter is of a bluish color of different intensities. This gives to the polished and hammered surface a grayish white color. A monument from this variety has more of the appearance of clear white than one constructed of the reddish variety. The plaintiff contends that there was no evidence to support the finding that there was more than one kind of Westerly granite known to the trade as white Westerly. We have carefully examined the transcript of the evidence, and find this contention cannot be sustained, there being evidence tending to prove the facts found. For instance, Henry Bertoli, a witness improved by the plaintiff to show that the monument in question was made of white Westerly granite, on cross-examination testified:

*Question.* "Are there different kinds of white Westerly? *Answer.* Yes, sir.

*Question.* There is pinkish white and bluish? *Answer.* There is pink, red, and white and blue."

Other evidence also had the same tendency.

The plaintiff also insists that it was error to permit the defendant to show by parol evidence that at the time the contract was made it was understood and agreed by the parties that the monument should be made from the whitest variety of white Westerly granite, the one which took a grayish rather than a reddish cast. It is urged that this phase of the case falls within the general rule that "parol, contemporaneous evidence is inadmissible to contradict or vary the terms of a valid, written instrument." I Green. Ev. (12th ed.) § 275.

It was incumbent upon the plaintiff to establish that the monument was made of *white* Westerly granite. The granite of which it was made was not white, but of reddish or chocolate color, and did not literally meet the terms of the contract. He was therefore properly permitted to show that it was of a variety known to the trade as white Westerly. It was then permissible for the defendant to show that the phrase "white Westerly granite" was also applied by the trade to the variety of granite from which she claimed the monument was to be built.

The rule of law applicable to these facts was well stated in *Hart* v. *Hammett*, 18 Vt. 127, in which the contract involved called for "*winter strained lamp oil.*" On the trial, the evidence of the plaintiff tended to show that dealers in oil sometimes understood that kind of oil to mean "*winter, strained, sperm, lamp* oil," and that sometimes the term "*winter, strained lamp oil*" meant either *whale* or *sperm* oil. In this state of the case, evidence on the part of the defendant was admitted to show how the parties understood the term, "*winter strained lamp oil*" as used in the contract. To its admission the plaintiff excepted. In disposing of this

exception, the court said: "It may well be conceded, that parol evidence should not be admitted, to support a construction different from what the words themselves imply. To permit this would be to permit a written contract to be controlled by parol testimony. Parol evidence is, however, admissible, to give an application of a written contract to its subject matter, in cases in which the thing, as expressed, is applicable, indifferently, to more than one subject. * * * * In such case, the question being what was *intended* to have been expressed through the written instrument, any evidence, which would be pertinent to the inquiry, should be received. Wigram on Extr. Ev. 118. In many cases an inference of intention is drawn from circumstances. If the intention of the parties is expressly declared, this should be regarded as far more satisfactory, than to have the intention inferred; and evidence to this point cannot but be material and relevant to the inquiry. The evidence in this case shows that this contract, in its terms, is equally applicable to *sperm* or *whale* oil, and no rule of law is violated in giving it an application to the one, or the other, by evidence *aliunde* the contract." In the case at bar, the phrase "white Westerly granite," being applicable to the granite of which the monument was built, and to that from which the defendant claimed it was to be built, it was competent to show how the parties understood the contract in this respect when it was made. II Phil. Ev. (C. & C. & E's ed.) *718 and n. 510; Stephen's Dig. Ev. Art. 91, div. (8). The finding on this question being in favor of the defendant and against the plaintiff, it cannot recover by reason of the non-performance of the contract on its part, there being no waiver nor acceptance by the defendant.

This view of the case renders it unnecessary to decide whether or not the plaintiff's claim is barred by the statute of limitations.

*Judgment affirmed.*