## CATHERINE CILLEY v. GEORGE BACON ET AL.

### November Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, AND TAYLOR, JJ.

Opinion filed February 6, 1915.

*Exclusion of Evidence—Exceptions—Necessity of Offer—Reformation of Instruments—Deed of Land—Error in Description—Parol Evidence—Admissibility—Preliminary Negotiations—Written Contract—Right to Make Admissions—Review—Presumptions.*

An offer is requisite to an available exception to the exclusion of testimony on direct examination.

An error in the description recited in a deed conveying real estate cannot be corrected in an action of trespass.

Parol evidence of intention in respect of the subject-matter of a written contract is admissible only when the language of the contract is so equivocal that it is equally applicable in all its parts to more than one object.

Where a deed of real estate "reserved" all the timber "on the ridge or hill", and there was no ambiguity as to what ridge or hill was meant, parol evidence was inadmissible to show that "the ridge or hill" meant only the top thereof.

It is a general rule that where a contract is reduced to writing all previous verbal declarations of the parties in the course of their negotiations become merged in the written contract.

There is a distinction as to the admissibility of parol evidence as to situation and condition of the subject of a written contract, when that will aid its construction, and like evidence of statements of intention or understanding, made during the negotiations; the former are admissible in aid of the construction of the contract, if its terms are obscure, but the latter are never received unless the language of the contract is equivocal.

A grantor of real estate cannot, after he has conveyed his rights, make admissions or declarations prejudicial to his grantee.

The right to enter another's land to cut and remove standing timber implied the right to do thereon what is reasonably necessary to make that right available, and so in trespass for cutting timber,

where the record shows nothing concerning the evidence as to the cutting of trees other than those included in defendants' reservation, error does not appear in an instruction that, if defendants cut only such trees as they were entitled to cut, and such other small trees as it was reasonably necessary to cut in getting off their timber, they were not liable.

TRESPASS for treble damages for cutting and removing trees. Plea, the general issue with notice. Trial by jury at the June Term, 1913, Orange County, *Waterman,* J., presiding. Verdict and judgment for the defendant. The plaintiff excepted. The opinion states the case.

*R. M. Harvey* for the plaintiff.

When, as here, a written instrument is equivocal, parol evidence of intention and understanding is admissible. *Andrews* v. *Robertson,* 54 L. R. A. 673; *Moayon* v. *Moayon,* 60 L. R. A. 415; *Ferguson* v. *Rafferti,* 6 L. R. A. 33; 17 Cyc. 675-682; 220th Cent. Digest, para. 2066, 2082 and 2084; *Hull* v. *Fuller,* 7 Vt. 100; *Noyes & Co.* v. *Canfield,* 27 Vt. 79; *Rugg* v. *Ward,* 64 Vt. 402; *White & Hammond* v. *Amsden,* 67 Vt. 1, see page 10 referring to *Gray* v. *Clark,* 11 Vt. 583 and others; 3 Jones on Evidence, §§450-456 and cases cited.

*E. R. Davis* and *J. W. Gordon* for the defendants.

TAYLOR, J. This is an action of trespass for cutting and carrying away certain trees claimed by the plaintiff. The case was tried by jury with verdict and judgment for the defendants. The land in question, a farm, was formerly owned by one George Lackey and was conveyed to the plaintiff by said Lackey and his wife April 25, 1912. The deed thereof contained the following exception, or reservation as it has been termed: ''There is reserved on the ridge or hill all of the spruce, hemlock and white birch trees growing for timber or lumber and said grantors have the next three years to cut and remove the trees and lumber from the land.'' Subsequently, on July 3, 1912, said Lackey sold and conveyed the trees thus excepted or reserved, to one Edson who employed the defendants to cut and remove them. The de-

fendants rely in defence upon Edson's rights under his deed from Lackey.

It appeared that the westerly part of said farm was mostly wood and timber land situated on the top and both sides of a ridge or hill extending the whole length of the farm; that on the easterly side of said farm were "rolling hills" with some level places and a little timber. On the trial the question arose as to which ridge or hill was intended in the reservation and it was agreed that it related to the one on the westerly side of the farm where the cutting complained of had been done. The printed case discloses but little concerning the evidence and the claims of the parties. The following is all that appears relating to the location of the trees and facts affecting the description of their location:

The plaintiff's evidence tended to show that there was a level piece of land (how extensive does not appear) on the top of said ridge or hill covered with wood and timber; that one Summers, a previous owner of the farm, "had cut off the timber about a rod on top of the ridge and down one or two rods on the westerly side." The defendants' evidence tended to show that there was very little level on top of the ridge and that the timber was practically all cut off from that. Plaintiff testified that she went onto the top of the ridge with her son, Fred Cilley and Mr. Lackey, and that Mr. Lackey told her that he wanted to reserve the spruce, hemlock and white birch on the ridge.

Several exceptions were taken to the exclusion of evidence. Of these three are relied upon by plaintiff's counsel in his brief.

1. Plaintiff called her son, Fred Cilley and after testifying that at the time he was on the ridge with his mother and Mr. Lackey something was said by the latter as to what he wanted to reserve, he was asked to state what Mr. Lackey said. It was objected that there was no legal ambiguity that admitted of explanation except testimony tending to describe the hill. The court ruled that evidence was admissible to give any explanation with reference to the ridge or hill and the timber growing upon it but not as to the contract the parties made before it was put into the form of a deed, and held that talk before the deed was made as to what should be reserved was not admissible "in the present aspect of the case." To the exclusion of the question asked the plaintiff excepted. There was no statement of what was expected to be shown in answer to the question. For this

reason alone the exception would be unavailing. As will appear in connection with the next exception, it could not be sustained if considered on its merits.

2. T. J. Deavitt was called as a witness by the plaintiff and after showing by him that he drew the deed from Lackey and wife to the plaintiff he was asked referring to the reservation of the trees: "Q. What was said about the place and the thing at the time that was reserved?" Objection being interposed plaintiff's counsel said: "What we offer to show is that the conversation then and the claim then as to what ridge meant, the words, what sense they were used in and that hill was used in the same sense as ridge and not a side hill. We will offer to show in that connection that the very timber that was cut afterwards was pointed out as what would be left for the grantee, Mrs. Cilley, by Mr. Lackey." The offer was excluded to which plaintiff excepted.

The offer was to show the declaration of Mr. Lackey made at the time the deed was being prepared. The offer to show that the timber that was afterwards cut was pointed out as conveyed and not reserved must have related to what Mr. Lackey told the witness concerning it, for they were not upon the land at the time referred to and, so far as appears, the witness had no other source of information. The contention of plaintiff's counsel is that there is a latent ambiguity in the description of the timber reserved and its location. The case does not show very clearly what the plaintiff's claim was in the court below. The claim made here is that the reservation was intended by the parties to the deed to cover only the timber standing on the level tract on the top of the ridge. The defendants' employer, in whose shoes they stand, was not party to the mistake, if one was made; and in any event a mistake in description cannot be corrected in this proceeding. If the offered evidence was admissible it was only to aid the court in the construction of the deed.

No question is made but that the description is sufficiently definite to give validity to the reservation. The defendants are entitled to have the reservation construed without resort to parol evidence of statements of the intention of the parties to the deed, unless the description is equivocal; for parol evidence is generally not admissible to explain words in a written instrument that have a common and well understood meaning (1 Elliott on Ev.

§605) and never to support a construction different from what
the words themselves imply. To permit this would be to permit
a written contract to be controlled by parol testimony. To re-
ceive evidence tending to show that words that in their plain
and ordinary· acceptation mean one thing were intended to
mean another would clearly violate the parol evidence rule.
Parol evidence is, however, admissible to give an application of
a written contract to its subject matter in cases in which the
thing, as expressed, is applicable· indifferently to more than one
subject. *Hart* v. *Hammett,* 18 Vt. 127. The rule is stated
thus by Rowell, C. J., in· *Grout Bros.* v. *Moulton,* 79 Vt. 122, 138,
64 Atl. 453, 455: "Direct oral statements of intention in res-
pect of the subject of a written contract are admissible only
when the language used is equivocal; that is, when it is equally
applicable in all its parts to more than one external object." So
far as appears the words "ridge or hill" were not shown to be
equivocal in the particular here under consideration. At one
stage of the trial it appeared that there was more than one
ridge or hill on the farm; but this ambiguity in the description
was removed by the concession that the western ridge or hill
was the one intended. The claim of the plaintiff is that the
words, in the sense used in the reservation, mean "top of the
ridge or hill," or are susceptible of that construction. With
this we cannot agree. Their plain and ordinary meaning in-
cludes both the top and sides of the elevation of land and not the
top alone. To be equivocal they must apply equally to the whole
ridge or hill and not to the top alone. The application of the rule
under consideration is well illustrated in connection with the
ambiguity concerning this reservation that arose when it was
made to appear that there were at least two ridges or hills on
this farm, to either of which the term was equally applicable.
If that ambiguity had not been removed by concession. evidence
of the mutual understanding of the parties could have been
resorted to under this rule.

An attentive examination of the case shows that the court
below was not unmindful of the proper use of parol evidence in
aid of construction. The effect of the ruling under considera-
tion was that, as the case stood, evidence of contemporaneous
declarations of a party to the deed were not admissible. This
was not error. It is a general rule that when a contract is
reduced to writing all previous verbal declarations of the parties

in the course of their negotiations become merged in the written contract. *Martin et al.* v. *Thrasher*, 40 Vt. 460. See also 16 Cyc. 669; notes 122 Am. St. Rep. 558, and 6 L. R. A. 35, and cases there cited.

There is a well recognized distinction, as to admissibility, between evidence of the situation and condition of the subject of a grant, when it will aid in construction, and direct oral statements of intention or understanding expressed in conversations during the negotiations. The former are received to aid the court in construing the contract, if its terms are obscure; (*Magoon et al.* v. *Harris,* 46 Vt. 264) but the latter are never received unless the language is equivocal. *Grout Bros.* v. *Moulton,* 79 Vt. 122, 138, 64 Atl. 453; *White & Hammond* v. *Amsden,* 67 Vt. 1, 10, 30 Atl. 972; *Young* v. *Young,* 59 Vt. 342, 10 Atl. 528; *Hart* v. *Hammett,* 18 Vt. 127.

Prof. Wigmore, while contending for a most liberal rule in regard to the sources of evidence in aid of interpretation of written contracts, recognizes the exception as to expressions or declarations of intention or meaning, which, he states, ''are never receivable except to assist in interpreting an equivocation —that is, a term which upon application to external objects, is found to fit two or more of them equally.'' 4 Wig. on Ev. §§2470-2472.

For other cases applying, though not in terms stating the rule see *Spencer* v. *Potter's Est.,* 83 Vt. 1, 80 Atl. 821; *New England Granite Works* v. *Bailey,* 69 Vt. 257, 37 Atl. 1043; *Martin et al.* v. *Thrasher,* 40 Vt. 460; *Fletcher* v. *Phelps,* 28 Vt. 257; *Patch et ux.* v. *Keeler et al.,* 28 Vt. 332; *Herrick* v. *Noble & Sons,* 27 Vt. 1; *Noyes & Co.* v. *Canfield,* 27 Vt. 79; *Wheelock* v. *Clark & Putman,* 11 Vt. 583.

3. The plaintiff testified that some time after she received her deed, and after Mr. Lackey had conveyed away his interest in the trees reserved, she had a talk with him. She was then asked: ''Q. At that time did you have some talk with Mr. Lackey about what was reserved in his deed?''

The question was objected to, whereupon plaintiff's counsel offered to show that Lackey then described what his reservation was, as he understood it, and that he wanted some more timber reserved. The evidence was excluded and the plaintiff excepted. This was not error. The offer does not show what it was claimed Mr. Lackey said in reference to the matter, and so error is not

made to appear; besides, the declaration, if favorable to the plaintiff, was made at a time after Mr. Lackey had parted with title to the trees and so, in no case, would be admissible against these defendants. The rule excluding declarations or admissions of a party made after he has parted with title or interest in the premises in an action against his grantee is too well understood to require citation of authorities.

At the close of the charge plaintiff's counsel said that he would like to "save the question" as to what the court had said about "the cutting of lumber necessary in getting off the lumber, if they found they had the right to cut what they did." While counsel does not point out the particular portion of the charge complained of, he says enough in his brief to indicate that the objection was directed to that part of the charge wherein the court said: "If you find the defendants were cutting such trees as they had a right to cut under these instructions and only cut such other small trees or other trees as it was reasonably necessary to cut in cutting and getting off the lumber, they are not liable for such cutting. If you find they did such cutting without reasonable necessity, then they are liable therefor."

The case shows nothing concerning the evidence as to cutting of trees not reserved. In this situation error is not made to appear. It is usually necessary in cutting and removing timber to damage or destroy some of the other growth upon the land. The right to enter one's land to cut and remove standing timber implies the right to do thereon what is reasonably necessary to the enjoyment of that right. Nothing to the contrary appearing, we must presume that the facts justified the language of the charge in this regard.

We have considered herein all of the exceptions that are relied upon in plaintiff's brief and find no error in the rulings reviewed.

*Judgment affirmed.*