[No. 3036.    May 4, 1926.]

BRANCH et al. v. BLAKE.

[245 Pac. 870.]

SYLLABUS BY THE COURT

Findings of the trial court will not be disturbed when supported by substantial evidence.

Error to District Court, Mora County; Armijo, Judge.

Suit by George A. Blake against Jacobo C. Branch and others to quiet title. Judgment for plaintiff, and defendants bring error. Affirmed and remanded, with directions.

Hunker & Noble, of East Las Vegas, for plaintiffs in error.

E. W. Dobson, of Albuquerque, for defendant in error.

OPINON OF THE COURT

PARKER, C. J.    Plaintiff (defendant in error) brought suit to quiet title to certain lands in Mora county against defendant Refugia A. Branch and other defendants. Defendant (plaintiff in error) answered, and set up in a cross-complaint that she was the owner of an undivided half interest in the property by inheritance from Francisca A. Tison, deceased, the former owner, and alleged that she was the half-sister of Mrs.

[1] 4CJ p. 878 n. 82.

Tison. An answer was filed by plaintifff putting in issue the allegations of the cross-complaint. It is admitted that the plaintiff is the surviving brother of Mrs. Tison, and as such inherited from her. The sole question in the case is as to whether the defendant Refugia A. Branch is likewise the sister or half-sister of Mrs. Tison. The court found that she was not the sister or half-sister of Mrs. Tison, and consequently did not inherit any interest in the property. The court awarded judgment for the plaintiff, from which judgment the case is here on writ of error.

Plaintiff's and Mrs. Tison's mother was Marquita Acosta, who was the daughter of Apolonio Acosta and Augustina Corena. This much seems to be admitted by the parties. The plaintiff testified that he had been told by his grandmother that defendant was his half-sister, and that his father had told him that she was his mother's sister. The plaintiff, upon the death of Mrs. Tison, filed a petition in the probate court for Mora county, whereby he sought appointment as administrator of her estate. In that petition he stated that defendant was his half-sister and the half-sister of the deceased Mrs. Tison. There is much evidence in the record that the defendant was recognized and spoken of in the family for years as the sister of Mrs. Tison and the plaintiff, which is apparently undenied. There is, however, in the record a certificate of marriage appearing upon the church records of the Catholic Church at Taos, New Mexico, in which it is recited that the defendant was the legitimate daughter of Apolonio Acosta and Augustina Corena, who, according to the testimony were the grandparents of the plaintiff, and the deceased Mrs. Tison. If the facts recited, in this certificate are true, the defendant was the sister of the mother of Mrs. Tison, and would not be entitled to inherit from Mrs. Tison. The defendant testified that she was married shortly after she was 17 years of age, and that her grandparents, the said Apolonio Acosta and Augustina Corena, gave their names as her parents in a statement which was made to the priest. She

testified that no one had ever told her who her father was, and that she did not know who he was. If she had been in fact the sister of the plaintiff and Mrs. Tison, her name would have been Blake and not Acosta. If Blake was her father, it is indeed strange that she never heard of him, and in fact, anything about him. It appears in the proofs that Blake furnished the money to care for her and Mrs. Tison in the convent here in Santa Fé, where they were placed shortly after the death of Mrs. Tison's mother. That she was treated in the family and spoken of as a sister plainly appears, but that she was in fact a sister or half-sister does not satisfactorily appear.

In view of all the facts and circumstances, it seems clear that the court was amply justified in the finding which was made, and under such circumstances the finding will not be disturbed.

It follows from all of the foregoing that the judgment ot t..c district court was correct and should be affirmed, and the cause remanded to the district court with directions to proceed accordingly, and it is so ordered.

BICKLEY and WATSON, JJ., concur.