[No. 3560. July 10, 1931.]

[Rehearing Denied Sept. 10, 1931.]

SUNMOUNT CO. v. BYNNER.

[2 Pac. (2d) 311.]

F. C. Wilson and Thos. H. Dodge, both of Santa Fe, for appellant.

Barker & Fahy and Gilbert & Hamilton, all of Santa Fe, for appellee.

## OPINION OF THE COURT

HUDSPETH, J.

Appellee, plaintiff below, brought suit to quiet title to a tract of land within the boundaries of the Santa Fe Grant southeast of the city of Santa Fe. The appellant, one of the defendants below, filed an answer and cross-complaint alleging ownership and possession of a tract of land which conflicts with the land described in the complaint at the extreme north. Answer to the cross-complaint contains the following allegation:

"It alleges the fact to be that title of said Witter Bynner to any part of the land described in his cross-complaint is based upon deeds fixing the southern boundary of the land he claims by the ditch of Armentos (Acequia de los Armentas), which boundary is north of the northern boundary of the property of the plaintiff described in the original complaint herein, and accordingly does not conflict. * * *"

The case was tried by the court without a jury. Evidence, both oral and documentary, was introduced, and, by consent of parties, the trial court viewed the premises. The court found that all the allegations of the complaint and answer to cross-complaint were true. Decree was rendered for the plaintiff, and defendant Bynner appeals.

The first question to be determined is whether or not there is substantial evidence to support the finding of the trial court that there is no conflict between the lands described in the deeds of appellant's predecessors in title and the land described in the complaint.

On the 25th day of March, 1902, Antonio Lujan was in possession of a small tract of irrigated land on the north side of a public road near the Atalaya Hills, on which there was a house, orchard, and alfalfa field. He testified that Hilario Sandoval was in possession of that tract in 1880. Hilario Sandoval's will was admitted to probate July 11, 1887. There is no description of the land in the will sufficient in itself to identify it. On March 25, 1902, and prior thereto, Antonio Lujan obtained several deeds from heirs of Hilario Sandoval to small tracts of land, a part of the Hilario Sandoval estate. The Armentas ditch is given as the south boundary of the tracts described in

these deeds, and in all except one deed the south boundary is given as the Armentas ditch and the Atalaya Hills. It is evident that these deeds describe only small patches north of the Armentas ditch.

On the 25th of March, 1902, the city of Santa Fe executed a "City Quit Claim Deed" to Antonio Lujan, in which it is recited:

"That whereas, under and pursuant to an Act of Congress entitled, 'An Act to Settle the Title to Real Estate in The City of Santa Fe, New Mexico,' approved April 9, A. D. 1900, said party of the second part has duly applied, as the claimant and owner of that certain tract of land and real estate hereinafter described, for a conveyance and quit claim thereof to him, under the provisions of said Act of Congress. * * *"

The land is described by metes and bounds, beginning at the northeast corner at the point where a community ditch crosses the east side of a trail. The length of the east boundary is 1,600 feet. Following the metes and bounds description is the following:

"Bounded on the north by a common ditch ('la Acequia Comun') ; on the east by property of Manuel Rodriguez y Ortiz; on the south by the ditch of the Armentas (la Acequia de los Armentas) and the Atalaya Hills; and on the west by the property of Juan Sandoval (deceased)."

The grantee in this deed testified that a survey was made by one White at the time of the conveyance, and that the corners were marked by monuments of stone two and one-half feet high. These monuments are not mentioned in the deed and were not located on the ground.

Appellant's witness Turley, a civil engineer, testified:

"I took the deed and plat into the field and with a transit and chain followed out the courses and distances represented on the deed and plat and found them to be substantially correct. * * *

"Q. What you really did was to inquire out there what vereda or ditch was meant, and from your information got your starting point, is that correct? A. That is correct."

No independent evidence was introduced attempting to fix the correct starting point where the trail (vereda) crossed the proper ditch.

The witness Turley testified, in part, with reference to the Atalaya Hills as follows:

"The hill on which the reservoir is situate slopes down to the road, just south of the house on this particular tract, does it not? A. Somewhere in that vicinity.

"Q. And if this tract were in fact between the two ditches which were mentioned, sixteen varas apart, the description would coordinate better if the foot of the other Talaya Hill at about the road were taken as the south boundary? A. With that exception, it would."

The Armentas ditch is in disuse and in places has become obliterated. But there is substantial evidence to the effect that the ditch was located at the north base of the Talaya Hill mentioned in the testimony quoted above, and north of the land involved in this suit.

Appellant contends that the call for the Armentas ditch as the south boundary of his tract should be ignored and that the courses and distances starting at the point where the trail crosses the ditch, as found by the witness Turley, should control. This survey placed the south line of the land claimed by appellant on the southerly of the two Atalaya Hills and in conflict with the land described in the complaint.

Appellee maintains that the starting point of the Turley survey was not established by competent evidence as the point described in the deed and cites First Savings Bank & Trust Co., Albuquerque, v. Elgin et al., 29 N. M. 595, 225 P. 582, 583, where we said:

"To make evidence of this character admissible would be to give a surveyor judicial powers and to recognize his right to determine a controverted fact upon the unsworn statements of witnesses whom an adverse party has no opportunity to cross-examine."

Appellee further maintains that even if the surveyed description were definitely fixed on the ground, the Armentas ditch line and the slope of the northerly of the Atalaya Hills should control in fixing the south boundary of appellant's land.

 The recital in the premises of the city deed may be referred to in ascertaining the motives and reasons upon which the deed is founded. 18 C. J. p. 268; Kaleialii v. Sullivan, 242 F. 446, 155 C. C. A. 222; Peters v. McLaren, 218 F. 410, 134 C. C. A. 198. It appears that it

was the intention of the city of Santa Fe to quit claim to Antonio Lujan only the lands to which he had color of title.

In Canavan v. Dugan et al. etc., 10 N. M. 316, 62 P. 971, 972, Mr. Justice Parker, who rendered the opinion of the territorial court, said:

"It is, of course, a familiar rule that monuments, either natural or artificial, control courses and distances."

The rule was followed in the case of Upton v. Santa Rita Mining Company, 14 N. M. 96, 89 P. 275. Tagliaferri v. Grande, 16 N. M. 486, 120 P. 730, is authority for the use of an irrigation ditch as a boundary. The reference in the deed to the Armentas ditch is coupled with the Atalaya Hills. The two objects—the ditch and the hills—are not in conflict.

In Cilley v. Bacon et al., 88 Vt. 496, 93 A. 261, 263, the court said:

"Their plain and ordinary meaning includes both the top and sides of the elevation of land, and not the top alone. To be equivocal, they must apply equally to the whole ridge or hill, and not to the top alone. The application of the rule under consideration is well illustrated in connection with the ambiguity concerning this reservation that arose when it was made to appear that there were at least two ridges or hills on this farm, to either of which the term was equally applicable."

The location of the south boundary of the tract described in the city deed is a question of fact.

"(§ 277) 4. Questions for Court and Jury. Where, in an endeavor to ascertain the intention of the parties in respect to the property conveyed, extrinsic evidence is resorted to for the purpose of explaining the description, the question as to the identity of the property becomes one for the jury. So where the description is uncertain or ambiguous, it may be a question for the jury to determine what property was intended to be conveyed, or what to be reserved. And it is a matter of fact for the jury to determine whether particular land is or is not within the description in a deed, or whether a particular survey was referred to."

18 C. J. p. 297; U. S. v. State Investment Co., 264 U. S. 206, 44 S. Ct. 289, 68 L. Ed. 639; Hoge et ux. v. Lee, 184 N. C. 44, 113 S. E. 776; Craig-Giles Iron Co. v. Wickline, 126 Va. 223, 101 S. E. 225; Wilson v. McCoy et al., 86 W. Va. 103, 103 S. E. 42; Opdyke v.

Stephens, 28 N. J. Law, 83; Pulaski Stave Co. v. Sale, 179 Ky. 638, 201 S. W. 12.

The trial court heard the witnesses and viewed the premises and found the allegations of the answer of appellee to the cross complaint to be true.

Findings of fact by reference to pleadings, though not to be commended, are sufficient where we are not left in doubt as to what the findings of fact are. La Luz Com. Ditch Co. v. Town of Alamogordo, 34 N. M. 127, 279 P. 72. We are unable to say that this finding is not supported by substantial evidence. The finding of the lower court does not involve any erroneous application of the law.

Appellant having had possession for only six months before the commencement of this suit, and color of title— an essential condition in order to establish title by adverse possession under 1929 Comp. § 83-119—having been found to be absent, it is unnecessary to review the evidence of possession of the land in controversy by appellant's predecessors in title, or the application of the doctrine announced in Montoya v. Catron, 22 N. M. 570, 166 P. 909.

The other findings of the trial court are supported by substantial evidence. Findings and judgment of the trial court will not be disturbed when supported by substantial evidence. Branch et al. v. Blake, 31 N. M. 382, 245 P. 870; Woodward et al. v. Libbey, 27 N. M. 683, 205 P. 524.

For the reasons stated, the judgment of the lower court will be affirmed, and it is so ordered.

PARKER and SADLER, JJ., concur.

BICKLEY, C. J., and WATSON, J., did not participate.