378 P.2d 603

**Willie D. CHAVEZ and Acianita Chavez, Plaintiffs-Appellees,**

v.

**Camila CHAVEZ, Defendant-Appellant.**

No. 7151.

Supreme Court of New Mexico.

Feb. 7, 1963.

Manuel A. Sanchez, Melvin T. Yost, Claude S. Sena, Santa Fe, for appellant.

Roberto L. Armijo, Las Vegas, for appellees.

NOBLE, Justice.

Camila Chavez, one of the defendants, has appealed from a judgment quieting title to real estate in the plaintiffs.

Two questions are presented by this appeal: (1) Is there substantial evidence to support the court's findings and judgment, and (2) Did the court err in refusing to quiet title in appellant to that portion of the land claimed by her?

The complaint sought to quiet title to a tract consisting of 624.44 acres and being four contiguous small holding claims. Actually, the specific findings and judgment of the trial court only describe three of the small holding claims totaling 471.74 acres. No disposition appears to have been made of the land embraced within small holding claim No. 5352, containing 159.49 acres.

Plaintiff introduced in evidence an abstract of title and a plat showing one of the small holding claims and rested his case insofar as the appellant is concerned. It is urged that the evidence fails to show that the land described in the complaint and the judgment is that described in two deeds shown in the abstract, upon which plaintiffs rely for their title. These deeds describe the land conveyed thereby only as being bounded on each of the sides by land of named persons. The descriptions in the deeds furnish the possible means of identification of the land by extrinsic evidence but no such evidence, affecting appellant's claim, was offered or admitted. First Sav. Bank & Trust Co. Albuquerque v. Elgin, 29 N.M. 595, 225 P. 582 is controlling. The question of identity of land described in

deeds and that in the complaint and decree is a question of fact, and where the descriptions so differ, as here, that identification cannot be made from the description itself, resort must be had to extrinsic evidence. Sunmount Co. v. Bynner, 35 N.M. 527, 2 P.2d 311. A finding of fact, not supported by substantial evidence will not be sustained on appeal; and a judgment based upon such finding is itself without support. Southern Union Gas Co. v. Cantrell, 56 N.M. 184, 241 P.2d 1209. The finding of ownership in plaintiffs and the judgment against appellant lack substantial support in the evidence. First Sav. Bank & Trust Co. v. Elgin, supra; Weeks v. Padilla, 35 N.M. 180, 291 P. 922.

The record shows that at a hearing at which counsel for appellant was not present and of which he asserts he had no notice, extrinsic evidence was introduced identifying the descriptions in the deeds with that in the decision and judgment. That evidence was admitted as to all defendants except appellant, but was not admitted against her.

Appellant urges the court's refusal to find appellant to be the owner of the land claimed by her as error. She did not seek to have title quieted in her by cross-complaint. A finding of title in appellant would have been improper under the pleadings. The refusal to grant requested findings of fact or conclusions of law is not specifically relied upon as a point. The generalized attack on the judgment and refusal of the trial court to find for appellant falls far short of the proper method under our rules and will not be considered on appeal. Bogle v. Potter, 68 N.M. 239, 360 P.2d 650.

The judgment is reversed insofar as it affects the appellant Camila Chavez, and the cause is remanded with instructions to vacate and set aside the judgment appealed from insofar as it affects appellant Camila Chavez, and to proceed in a manner not inconsistent with what has been said.

It is so ordered.

COMPTON, C. J., and MOISE, J., concur.