427 P.2d 255

Felicitas E. BRADLEY, Plaintiff-Appellee,

v.

HAP CRAWFORD, GENERAL CONTRACTOR, Defendant-Appellant.

No. 8117.

Supreme Court of New Mexico.

April 24, 1967.

James Sidwell, Albuquerque, for appellant.

Charles E. Barnhart, Albuquerque, for appellee.

## OPINION

SPIESS, Judge, Court of Appeals.

Hap Crawford appeals from a judgment entered against him in the amount of $2,-280.97 in an action for breach of contract brought by Felicitas E. Bradley.

The trial was had to the court without a jury, and judgment entered upon findings of fact favorable to appellee and contrary to appellant's contentions.

Appellant, a licensed general contractor, entered into a contract with appellee to perform certain alterations and remodeling of her residence. Plans were prepared by appellant and after approval by appellee a written contract was entered into between the parties by the terms of which appellant agreed to provide all of the material and perform all of the work shown on the plans for the sum of $5,187.00. The contract provided for partial payments to be made from time to time as the project progressed. It was further provided that work would be commenced on August 21, 1962, and be substantially completed by November 21, 1962. The work was commenced on or after August 21, 1962, and proceeded although not to appellee's satisfaction.

On or about November 9th, 1962, appellee made complaint to the Contractors' Licensing Board with respect to the quality of the work and also complained that the project could not be completed within the time prescribed by the contract. In response to the complaint an inspector of the licensing board conferred with the parties and arranged a conference between them, which included appellee's husband and her attorney. The conference was held November 14th and it was then agreed that an additional ten days or two weeks would be allowed appellant to complete the job beyond November 21, the completion date specified in the contract.

Notwithstanding the fact that appellee had agreed to the extension of time for completion, on the 24th of November she denied appellant the right to complete the work and rescinded the contract. At the time of rescision the unpaid balance on the contract was $1,385.00 and a material lien was outstanding in the sum of $1,276.76.

Appellee, by her complaint, asserted that appellant had failed and refused to complete the project and that she was compelled to do so at a cost to her of $2,587.75. Appellant denied the allegations of the complaint

and by counterclaim sought damages for breach of contract.

The trial court, after finding that the contract had been entered into between the parties and appellee had made complaint to the Contractors' Licensing Board, made the following findings:

"3. During the course of construction the parties agreed to an extension of the contract provided the defendant pursue to completion the remodeling with reasonable diligence, extending the term of said contract beyond the anticipated November 21, 1962 completion date.

"4. That after the agreement of extension, but before the 21st day of November, 1962, the defendant constructively abandoned said remodeling through his failure to diligently pursue the performance of the contract in a workmanlike manner."

Further findings were made including the amount of the unpaid lien for material and the amount paid by appellee for completion of the work, together with the portion thereof chargeable against appellant.

The court concluded that appellant breached the contract between the parties and, as stated, rendered judgment against him.

The fourth finding of fact above quoted is attacked by appellant on the ground that it is not supported by the evidence. It is this finding upon which the court based the conclusion that appellant had breached the contract.

In considering the question presented we are mindful of the rule that findings of fact supported by substantial evidence are conclusive on appeal and will not be disturbed. Further, that on appeal all reasonable inferences favoring the correctness of the judgment will be indulged. The rule is also well established that findings of fact not supported by substantial evidence will not be upheld on appeal. Epstein v. Waas, 28 N.M. 608, 216 P. 506 (1923); Hoskins v. Talley, 29 N.M. 173, 220 P. 1007 (1923); Horchheimer v. Prewitt, 33 N.M. 411, 268 P. 1026 (1928); Southern Union Gas Co. v. Cantrell, 56 N.M. 184, 241 P.2d 1209 (1952); Vehn v. Bergman, 57 N.M. 351, 258 P.2d 734 (1953); Chavez v. Chavez, 71 N.M. 362, 378 P.2d 603 (1963).

We have reviewed all of the testimony contained in the record which bears or tends to bear upon the facts found by the court in the finding No. 4. Our review has not disclosed substantial support for the finding.

We have given careful consideration to all of the testimony which has been called to our attention by appellee and which she contends lends substantial support to the questioned finding. The first is that of the appellee herself. At one point she stated

that she felt the work was done sloppily and without regard to craftsmanship. She likewise testified that an electrical inspector had declined to accept some of the electrical installation; that this particular work had to be redone requiring the tearing down of certain finished work.

In referring to her conversation with the electrical inspector she said: He told me where it was inadequate. I told him there is no point in telling me, I don't know about it. So he came back and spoke to Mr. Crawford." The inspector was not called to testify in the cause. The record is silent as to when the electrical inspection was made. There is likewise nothing in the record to indicate whether the electrical defects, if any, were corrected by appellant, nor does the testimony indicate when the claimed defective work was done.

Although, as stated, appellee was critical of the quality of work she made no specific objection to any portion of the job or any item which she claims was done in an unworkmanlike manner other than the electrical installation. Appellee likewise testified that delays occurred due to appellant's absence from the job and that appellant failed to provide direction and supervision of his workmen. None of these faults are claimed to have occurred between the 14th and 21st of November.

We are likewise referred to the testimony of the witness Honaker, who stated that the job was "messed up" and in other respects criticized the manner in which it was done and the progress that was made. Honaker had been a carpenter in appellant's employment and had worked on this particular job. He was discharged prior to the 14th of November and did not return to the job after his discharge. None of the facts testified to by Honaker with respect to the construction are related to the period between the 14th and 21st of November. His testimony, consequently, had no bearing as to occurrences between these dates.

The testimony of Manuel Atencio, also an employee of appellant, is called to our attention. We find nothing in Atencio's testimony which would lend support to the questioned finding.

As we have stated, finding No. 4 is not, in our opinion, supported by the evidence and consequently the conclusion that appellant breached the contract is not warranted. For the reasons stated the judgment is reversed and the cause remanded with directions to vacate the judgment and dismiss the proceedings.

It is so ordered.

CHAVEZ, C. J., and COMPTON, J., concur.