RICHARD H. VOSE & al. *versus* JOSEPH BRADSTREET.

Where there are several particulars in the description of the premises in a deed, and it is found that two of these particulars wholly fail, and cannot apply to any thing; still the land intended to be conveyed, will pass by such deed, if there be enough in the other parts of the description to identify the land.

If two grantors make a joint deed of a certain tract of land, the land may pass by such deed, if owned by either of the grantors in severalty, when such can be seen to have been the intention of the parties.

Where a deed was made by W. L. W. and ‿G. W. P. Jr., to V. & S. with this description of the premises,— " a lot of land, situate in said A. conveyed to us by G. W. P. by deed dated May 25, 1836, and recorded book 92, page 51,"— and where the deed recorded on the book and page named, was from G. W. P. Sen. to G. W. P. Jr., particularly describing a lot of land and bearing the date of May 25, 1835, and there was no other deed on record from G. W. P. Sen. to G. W. P. Jr., or to W. & P. and no deed recorded between any of those parties dated May 25, 1836 ;—*it was holden*, that the land described in the deed recorded on " book 92, page 51," passed by the deed of W. &. P. to V. & S.

THIS was a bill in equity in which Richard H. Vose and Watson F. Hallett claimed to redeem two distinct parcels of land, adjoining one to the other, in the town of Augusta, from a mortgage made by George W. Perkins, Sen. to Elizabeth Gardiner, and by her assigned to Joseph Bradstreet, the defendant, and was heard on bill, answer and proof.

The bill alleges, that E. Gardiner, on Oct. 9, 1830, conveyed a lot of land including the premises to G. W. Perkins, Sen. and at the same time received back from him a mortgage thereof, and on August 31, 1840, assigned it to Bradstreet; that on May 20, 1835, Perkins, Sen. conveyed a portion of said lot, described in the bill, to William L. Wheeler and George W. Perkins, Jr., describing it particularly by bounds; that on the 25th day of May said Perkins, Sen. conveyed another portion of said tract to George W. Perkins, Jr. describing it by bounds ; that on November 18th, 1836, said Wheeler and Perkins conveyed all their right, title and interest in the two last named pieces of land to said Vose and Harlow Spaulding ; that on Dec. 15, 1837, Spaulding conveyed his interest in the premises, to the plaintiff, Hallett ; that on April 8, 1845, the

plaintiffs, in order to redeem the land, requested and demanded of said Bradstreet, in writing, an account of the amount due upon the mortgage, and of the rents and profits received, and of the money expended in repairs and improvements; and that said Bradstreet neglected and refused to render any such account.

Bradstreet, after admitting the truth of certain portions of the allegations in the bill, among other things, says, in his answer, that he denies that said Wheeler and Perkins, Jr., did, on said 18th day of November, 1836, or at any other time, convey to said Vose and Spaulding, their (said Wheeler and Perkins,) right, title and interest, in, and to, the parcel of land last described in said bill; and also that on July 16, 1839, Wheeler and Perkins, Jr. conveyed to the defendant their title to the first parcel of land, and that on Aug. 21, 1840, said Perkins, Jr. conveyed to him the interest he had in the parcel of land last described in said bill; that he did not then suppose, nor does he now, that the plaintiffs had any right in, or claim to, the last mentioned tract; that he was informed by said Wheeler and Perkins, that the deeds made by them to the plaintiffs were mortgage deeds, and were to become void on the payment and discharge of the liabilities mentioned therein; and that therefore, he had, in order to extinguish said mortgage, paid and extinguished all the debts and liabilities specified in said deeds. No question of law, appears to have been raised by reason of the testimony introduced, independent of that, in relation to the deeds. It appears from the schedule of exhibits, that the original deed to Vose and Spaulding was to be before the Court, but neither the original deed, nor any copy of that or any other deed in this case, came into the hands of the Reporter. It was stated in some of the papers to have been precisely similar to the deed mentioned in the case, *Freeman's Bank* v. *Vose,* 23 Maine R. 98.

The *testimony* in the case does not appear to be material, so far as it respects the questions of law in the case.

The whole case, law and fact, was argued in writing.

*H. W. Paine* argued for the defendant, and seems to have made the opening argument.

The plaintiffs claim to redeem two distinct parcels of land, lying side by side, in the town of Augusta, as appears by the description. They claim title to both parcels under a deed to said Vose and one Harlow Spaulding from William L. Wheeler and George W. Perkins, Jr. bearing date Nov. 18th, 1836. As to the second parcel described in the bill, the respondent in his answer denies that the plaintiffs ever had any title ; in other words, that this parcel was conveyed by said deed. This deed contains no description of either parcel, but refers to prior deeds on record for the boundaries. If this parcel was conveyed by this deed, it must have been by virtue of this clause. " Also a lot of land situate in said Augusta conveyed to us by George W. Perkins, by deed dated May 25th, 1836, and recorded, book 92, page 51." Now the copy of the deed which the plaintiffs put into the case as the deed to which reference is had, is a deed from George W. Perkins to *George W. Perkins, Jr.* bearing date May 25th, 1835, and purporting to be recorded, book 92, page 51. This deed purports to be a conveyance of the same parcel of land, as is the last described in the bill.

The deed does not answer to the reference. It is essentially a different deed. The parties are different, the dates are different. The deed introduced is a deed to George W. Perkins, Jr. The deed referred to, is a deed to us, Wheeler and Perkins. The former bears date 1835. The latter bears date 1836. The grantors undertake to convey what was conveyed to them by a certain deed, and it turns out, there was no such deed to them.

In *Worthington & al., Ex'rs,* v. *Hylyer,* 4 Mass. R. 196, Chief Justice Parsons lays down this rule of construction. When the description of the estate intended to be conveyed, includes several particulars, all of which are necessary to ascertain the estate intended, no estate will pass except such as will answer to every particular. As if A. conveys all the land in his occupation in Hallowell, no land will pass except what is in

Hallowell and also in his occupation. But when the description is sufficient to ascertain the estate, although the estate will not answer to some of the particulars of the description, still the estate so ascertained will pass.

Here several particulars of description are given. Can the Court determine which is essential — which ought to be rejected?

It is true that the deed from Perkins, Sen. to Perkins, Jr. is recorded, book 92, page 51, and had Wheeler and Perkins conveyed "a lot of land in said Augusta as described on page 51, book 92, which is the record of a deed from George W. Perkins to *us*, dated May 25, 1836," the case perhaps would have fallen within the scope of the second rule, as pronounced by Chief Justice Parsons. But the grantors undertake to convey all the lot which Perkins, Sen. conveyed to them by deed of such a date; and they refer to the record for a transcript of that deed; but no such transcript is there found. It is as if they had described a parcel of land by metes and bounds, and then added a reference to the record. Now suppose this had been the course adopted, and on reference to volume and page of the record, an entirely different parcel would be found described, would it be contended that the land described on the record, had passed?

But if under this clause of the deed, the parcel claimed would be held to have passed *as against the grantors,* it surely ought not as *against the respondent.* The deed was placed on the record, but it is not pretended that Bradstreet had any notice, except what the law infers from that fact.

Had the respondent, when he took his deed from Perkins, Jr., examined the records with a view to ascertain if he had a right to convey, he might have found in the deed of Wheeler and Perkins, the clause relied on by the plaintiffs, and on looking to the page of the record referred to, he would have found no such deed. But on the contrary a very different deed; a deed different in the whole description; different both as to dates and parties. He would naturally infer that the conveyance was of some other parcel of land. At all events he

would not be at all enlightened by the record. He would be left in as much uncertainty and doubt about the title as ever. To hold him bound by the notice furnished by the record, would be to defeat the very object of the record.

The remaining defence applies equally to both parcels claimed. The respondent affirms that the deed under which the plaintiffs claim, was intended to be a deed of mortgage, conditioned to secure the payment of certain debts which Wheeler and Perkins owed to certain creditors named therein — that the usual clause of defeasance was omitted, through accident or mistake, and that the debts which were to have been secured, have since been paid, and that he has become the owner of the equity. When the respondent's counsel drew his answer he had not seen the original deed; he had only seen a transcript from the record; and, supposing that to be a true and accurate copy of the original, he admitted by implication at least, that said deed purported to be absolute. But he supposes, notwithstanding that admission, if the Court should, on inspection of the deed, be satisfied that it is a deed of mortgage at law, and that the debts enumerated have been paid, the Court would not pass a decree in favor of the plaintiffs. Because it would be apparent that they had no equitable right or interest.

The counsel feels great confidence, that a court of law would, on inspection, hold the deed to be a mortgage, conditioned to secure the creditors named therein. The counsel is aware of the decision in *Freeman's Bank* v. *Vose*, 23 Maine R. 98, in which this deed was decided to be absolute and unconditional, but he has reason to believe that the *deed* was not before the Court. The decision seems to have been had upon an agreed statement which did not present the real question.

On inspection, it appears, that. this deed was drawn on a printed mortgage blank in common form, the clause of defeasance, " then this deed shall be void, otherwise," &c. is printed, and though a pen would seem to have been drawn through it, is still as legible as any other part of the instrument.

Now these words are needed to give force and effect to the other language of the deed. *Without them* a large part of the

written as well as printed language is utterly nugatory and non-sensical. It has no force or effect whatever. *With them,* the deed is perfect, the whole language has a meaning. And nobody, who examines the instrument, can for a moment entertain a doubt, irrespective of all evidence *aliunde,* that all parties contemplated and intended a mortgage. To carry out this clear intention, to render the language of the deed operative, the Court are not called upon to supply words, not found in the deed, but merely to read words already there, — there when the deed was executed. The dash of the pen, whether accidental or by design — whether made before or after the signing and sealing, has not obliterated these words. Now if a court of law, will construe *or* to mean *and,* if they will substitute one word for the other, when such a construction is deemed necessary to effectuate the intent of the parties and the better accomplish the object of the conveyance,— if a court of law will construe a deed to be any species of conveyance necessary to carry into operation the intention of the parties, is it asking too much to call upon the Court to read the whole instrument before them, to give effect to a particular clause, when that clause is clearly, manifestly upon the very face of the instrument itself, essential to effectuate the intention of *both parties,* a clause, without which, much of the remaining language is mere verbiage? The Court surely would not hold that an accidental blot had removed any part of the deed, and what is there to distinguish this dash of the pen, from an accidental blot? That it was the merest accident does not admit of a doubt. The known reputation of the grantee (who was the scrivener) for integrity, precludes any other supposition. But it is not every grantee who is entrusted to draw a conveyance to himself, that can be so safely confided in. And if the doctrine be established that a partial obliteration of a clause of this character, effectually takes that clause from the deed, so that the deed stands as if it were never there, then a dishonest grantee has only to draw his pen through the words of condition, and render his deed absolute. And this he may do, either before or after the execution, and

that too, without the possibility of detection, in ninety-nine cases in a hundred.

The respondent's counsel submits with great confidence that the deed under consideration, is a deed of mortgage *at law*, and does not require the application of the reforming power of a court of equity to render it what the parties intended it should be.

But if the Court, on examination of the deed, should hold it absolute and unconditional as it stands, the respondent asks the Court to reform it, and make it what the parties intended, and what, but for accident or mistake on the part of the scrivener, it would have been. The Court, sitting as a court of equity, are empowered by section 10, chapter 96, Revised Statutes, to determine all cases of "fraud, trust, accident or mistake" when there is not a plain and adequate remedy at law.

Accident is defined by Judge Story, to embrace misfortunes, losses, acts, or omissions. Story's Equity Jurisprudence, vol. 1, page 94. Mistake is defined by the same author, to be some unintentional act, omission, or error, arising from ignorance, surprise, imposition, or misplaced confidence. Equity Jurisprudence vol. 1, 121. In *Freeman's Bank* v. *Vose*, 23 Maine R. 93, the Chief Justice, in pronouncing the opinion of the Court, says, " that on a proper bill for the purpose being presented, if it appeared that a mortgage was actually intended, and that the omission to make it so, was from accident, the Court might reform it, if it were between the original parties to the deed."

But privies are as well entitled to the aid of the reforming power of the Court as parties, providing the equities are the same. Equity Jurisprudence vol. 1, p. 178.

Vose, one of the plaintiffs, is one of the grantees named in the deed, and it appears that Hallet, the other plaintiff, paid no consideration for the conveyance of Spaulding, but took his place because he was a director in the Freeman's Bank. He then, at best, succeeds only to the title of Spaulding; stands in his place and neither better nor worse. Spaulding was but a trustee, and so is Hallet. Bradstreet has taken the place of

Wheeler and Perkins, by deed from Wheeler and Perkins, bearing date July 16th, 1839, as to the first named parcel in the bill, and by deed from George W. Perkins, Jr. bearing date Aug. 21, 1840, as to the other parcel.

It was also contended, that it appeared by the evidence in the case, that all the debts had been paid, and all the liabilities, extinguished.

*Vose, pro se.* The plaintiffs, by virtue of a deed from Wheeler and Perkins, dated Nov. 18, 1836, claim the right to redeem the premises described in their bill, from a mortgage. of a prior date to one Elizabeth Gardiner, assigned to the respondent.

This claim, the respondent resists upon several grounds.

We propose to consider them in the order in which they are taken. The first objection applies to the second parcel described in the plaintiff's bill. It is admitted, that they have all the title which passed to Vose and Spaulding by the deed of Wheeler and Perkins of Nov. 18, 1836, but it is contended, that the second parcel did not pass by that deed. The clause in that deed, by virtue of which it is claimed to have passed, is as follows. " Also, a lot of land situate in said Augusta, conveyed to us by George W. Perkins, by deed dated May 25, 1836, and recorded, book 92, page 51." By a reference to the record, as admitted by the counsel for the respondent, book 92, page 51, the second parcel described in the plaintiff's bill, is found recorded, the date of the deed on record is 1835, instead of 1836, and it purports to be a conveyance from George W. Perkins to George W. Perkins, Jr., instead of a conveyance to Wheeler and Perkins. In order then, to carry out the intention of the grantors, it is necessary to reject the figures " 1836," and the word " us." It will then read, " also, a lot of land situate in said Augusta, conveyed by George W. Perkins, by deed dated May 25, and recorded, book 92, page 51." We then turn to the record, and in the very book, upon the very page referred to, we find recorded, the second parcel claimed, and described in the plaintiffs' bill. And would

not the adoption of such a rule, be in exact accordance with the uniform decisions of our Courts?

We refer first, to the case cited by the respondent. In *Worthington & al.* v. *Hylyer & al.*, 4 Mass. R. 205, Parsons C. J. says, "But if the description be *sufficient* to *ascertain* the estate *intended* to be conveyed, although the estate will not agree to *some* of the *particulars* in the description, yet it shall pass by the conveyance, that the *intent* of the parties may be effected.

. In the deed of Nov. 18, 1836, to Vose and Spaulding, there is no attempt to give a specific description of the premises conveyed. For each parcel, reference is made to the book, and page, upon the Registry, where the same may be found. The *intent* of the grantors is plain, to convey all their interest in the premises described in book 92, page 51. And shall that intent be defeated, because they supposed the deed dated in 1836, instead of 1835, or that the conveyance was to both, when in fact it was to one of them alone?

In the case of *Vose* v. *Handy*, 2 Greenleaf, 330, the Court say, "Where several particulars are named, descriptive of the premises conveyed, if some are *false* or *inconsistent*, and the *true* be sufficient of themselves, they will be retained, and the others rejected, in giving a construction to the deed." So in the case of *Wing* v. *Burgis*, 13 Maine Reports, 111, the Court, after affirming the decision in the case of *Vose* v. *Handy*, proceed to say: — "It is the object of the law, to *uphold* rather than to *defeat* conveyances, if the *subject matter* upon which they are to operate, can be ascertained by any fair intendment."

In the case of *Allen* v. *Bates & al.*, 6 Pick. 460, the only description was as follows. "A certain tract of land lying in South Hadley, with the buildings thereon standing, further reference had at the Register's office, book 51, page 257." Here no parties are named, and no date is given to the deed; the name of the town in which the premises are situated is given, with the book and page, where the same are recorded; precisely such a description as ours would be, if we reject the

date of the deed as false, and the parties to whom the conveyance is said to have been made.

But the Court held in this case, that the description in the deed was made sufficiently certain by reference.

So in the 22d Maine R. 321, *Marr* v. *Hobson & al.*, the name of the town in which the land was situated, and the date of the deed were given without naming the parties; then follow the words, "and recorded in the Cumberland Registry of deeds, book 135, page 292;" and such description was held to be sufficient, without naming the parties, to convey the land described in the deed, to which reference is thus made.

In the case of *Foss* v. *Crisp*, 20 Pick. 121, the language of the deed was this, "meaning and intending hereby to convey all the real estate which I derived under the deeds recorded in Suffolk registry of deeds, (citing several deeds by book and leaf only) to all which deeds reference is to be had," yet the Court held, that a parcel of land conveyed by a deed thus referred to, and no otherwise described in the deed, than by such reference, passed by the deed. The Court say, in reference to the parcels that were described, "if the grantor had not taken the trouble to describe particularly the metes and bounds of the six several parcels of land, but had referred to a record of the same estates, as containing a true description of the premises intended to be conveyed; *such* a conveyance would have been good, and the description contained in the records, would by *law*, be deemed to be *incorporated* and made a *part* of the conveyance. It is a question of *intent*, the reference is to be considered as included in the conveyance."

In the present case, incorporating in our deed, the premises described in book 92, page 51, rejecting the date and the word "us," we have the second parcel described in our bill.

Now the *intent* of the grantors, Wheeler and Perkins, in the deed of Nov. 18, 1836, is most manifest. They intended to convey all their real estate, whether held jointly or severally. Hence in another part of the same deed, the house, which was the sole property of Wheeler, is conveyed. That they could, by their joint deed, convey all their interest, whether joint or

several, is settled by the decision of our own Court. In the case of *Crafts* v. *Ford*, 21 Maine R. 417, the Court say, "a conveyance by two persons jointly of real estate, of which one only is the owner, would be effectual to pass the estate of the one owning it." So in Cruise's Digest, vol. 4, page 217, title, deed, "if several persons join in a deed, some of whom are capable of conveying, and others incapable, it shall enure and be construed as the deed of those only who are capable of conveying, *for* the *incapacity* of some of the parties, will not render it invalid, as to those who are capable." Therefore, although, by a reference to the record, it appears that the premises were conveyed, not to Wheeler and Perkins, but to George W. Perkins, Jr., and although the deed of Nov. 18, 1836, purports to be a conveyance from Wheeler and Perkins jointly, this would not prevent the interest of Perkins, Jr. from passing, although Wheeler had none.

But the counsel for the respondent contends, that if this conveyance should be construed to be good as against the grantors, it ought not so to be construed as against the respondent. He maintains, that by a reference to the records, he would not have been put upon his guard. One fact is oftentimes more valuable than a great deal of theory. By a reference to the trustee disclosure of the respondent, in the case of *G. C. Child* v. *Wheeler & Perkins and the respondent, trustee*, page 19, near the bottom, it will appear, that although he is pleased to denominate the conveyance of Nov. 18, 1836, to Vose and Spaulding, a mortgage, yet he expressly states, that the *two* parcels now described in the plaintiff's bill are thereby conveyed. His language is this. "These *two* *parcels*, were then subject to a mortgage, made by George W. Perkins aforesaid to his grantor, *and* to a *mortgage* to said Vose and Spaulding." So, that however difficult it may be now, in 1847, for the respondent, or his counsel to understand by a reference to the record, *what* was intended to be conveyed, he had no doubt from inspection in April, 1841, the time when his disclosure was made.

The respondent next contends, that the deed of Nov. 18,

1836, under which the plaintiffs claim, upon a fair construction by a court of *law*, would be regarded as a mortgage to secure certain debts therein named, that said debts have been paid, and consequently, the estate is vested in the respondent by virtue of his subsequent conveyances from Wheeler and Perkins.

Now, if this point were open to the respondent, and if his construction of the deed were correct, still, we contend, this would not and ought not to avail him, because it is most manifest from the evidence in this case, as we are prepared to show hereafter in the course of the argument, that all the debts named in this deed have not been paid, but that a considerable portion is still outstanding, for which, one of the plaintiffs at *least*, hereafter may be called to account.

But to this argument, we have several answers : — and first, the respondent in his answer *admits*, that the deed upon its face purports to be absolute.   He is therefore, we contend, estopped to deny that fact, so far as the appearance and construction at *law*, of the deed, is concerned.   It is a point not raised by the answer, and consequently, cannot now, in this case, be taken by the respondent.   *Houghton* v. *Davis*, 23 Maine R. 28.   But if open, the point has already been settled. A construction to this deed has been given by a court of *law*, and it has been decided to be upon its face, absolute, and unconditional, by this Court.   *Freeman's Bank* v. *Vose*, 23 Maine R. 98.   And further, the question did not come up incidentally, nor collaterally.   It was the very question before the Court, the construction of this very deed.   It would seem therefore, hardly respectful in the counsel for the plaintiffs to argue that question over again, as if the Court would have deliberately pronounced an opinion upon the character of an instrument, which they had never inspected, and with the contents of which they were not familiar.

But if the question be still open, to wit, the construction of this deed as a question of *law*, and the counsel for the respondent, is right in his construction, and sincere when he " submits with great confidence, that the deed under consideration

is a deed of mortgage at *law*, and does not require the application of the reforming power of a *court of equity* to render it what the parties intended it should be," and further, if, as he contends, all the debts named in the deed have been paid ; *he* surely, ought not to object to the maintenance of this bill ; for upon his construction, what would the plaintiffs gain by a decree in their favor ?   Simply this, after paying off the Gardiner mortgage, in existence prior to the date of their deed, and now justly due to the respondent as assignee ; the respondent would only need to commence his action of ejectment against the plaintiffs, and construing the deed from Wheeler and Perkins of Nov. 18, 1836, as a mortgage, which had been canceled, claim again the premises by virtue of his subsequent conveyances from Wheeler and Perkins.

On this argument, surely, the respondent needs not the interference of a court of equity in his behalf.  According to his view of the case, he has a plain and adequate remedy at law.

The counsel for the respondent proceeds to say, " that if the Court on examination of the deed, should hold it absolute and unconditional as it stands, he asks the Court to reform it, and make it what the parties intended, and what, but for accident or mistake on the part of the scrivener, it would have been," to wit, a mortgage, upon parol proof, the testimony of the grantors, Wheeler and Perkins.

Now, the plaintiffs respectfully submit, that if the proof offered be competent and unobjectionable, and if the facts contended for, were clearly proved, this is not the mode in which the deed could be reformed.  A cross bill should have been filed against the plaintiffs, in which the mistake or accident should have been distinctly alleged; and clearly set forth, and to which all those individuals should have been made parties, who have received conveyances from the plaintiffs since their deed was pronounced to be absolute and unconditional.

In this way, the conscience of Vose, one of the plaintiffs, might, and should have been appealed to, as to the true intent

and meaning of the parties; and his oath, if believed, would have been equivalent to the testimony of two witnesses, who should have *agreed* in their statement; and further, the rights of all parties interested, would have been fully protected.

But if a cross bill is not deemed necessary by the Court; that the answer of the respondent, should at least, have contained a distinct allegation of accident or mistake, and a prayer to the Court that the deed might be reformed. But the Court, by reference to the answer of the respondent, will perceive, that it neither contains any such allegation or prayer. The only mode in which the subject is alluded to, is by way of recital, as of something related to him by others, the only prayer for a reform of the deed is to be found in the argument of the counsel alone. In 9 Cowen, 755, *Patterson* v. *Hull*, the Court say, " the correction of an instrument is a distinct head of equitable power, *never* exercised, but on a bill filed, praying the correction *directly*, or what is equivalent, where the parties *consent* to go into the inquiry. The mistake, or other ground of correction, *must* be *charged* in the *bill*, so that it may be answered, and an issue taken upon it; the deed will then, if the evidence warrant it, be reformed, and set right by the decree. But you cannot do this collaterally. It cannot be done without *allegata et probata*, upon the very point." And again, " this is the uniform, and I apprehend, the only course, where a defendant is entitled to some positive relief beyond what the scope of the complainants' suit will afford him." " In order that a court of chancery should exercise its moral jurisdiction, by which a mistake in the written agreement of the parties, shall be rectified, it is *essential* that such mistake should be alleged in the *bill* as the *ground* and *object* of the parol proof." 1 Har. & Johns. 24; American Chancery Digest, 22, 61. Such was the allegation in the bill in the case reported in the 20th vol. Maine Reports, 365, and in *Freeman's Bank* v. *Vose*, 23 Maine Reports, 98, the Court say, " that on a proper bill for the *purpose* being presented, if it appeared that a mortgage was actually intended, and that the omission to make it so, was from accident, the Court might

reform it, if it were between the original parties to the deed; but as the deed now stands, it must be regarded at law as having conveyed an absolute estate."

From the authorities quoted, it would seem, that in order to reform a deed on account of accident or mistake, either a bill should be filed alleging the fact, or else, the respondent in his answer should so allege, and pray that the deed may be reform-ed. In this case, neither mode has been adopted, and it is respectfully submitted, whether the rights of innocent *bona fide* purchasers, for a valuable consideration, can be put in jeopardy, by such a mode of proceeding.

It was then contended, in the argument, that if the Court should be of opinion, that the defendant might avail himself of this ground, and show by parol, that it was intended to have been a mortgage, still, that the evidence did not show such intention. And further, that if a mortgage, still, the condition had not been performed.

*Lancaster* also argued for the plaintiff.

The opinion of the Court was drawn up by

WHITMAN C. J. — The plaintiffs set forth, that in the year 1836, Messrs. Wheeler and Perkins conveyed to said Vose and one Spaulding, certain real estate, situate in Augusta in said county; and that Spaulding conveyed his portion thereof to the plaintiff, Hallet; and that, at the time the first named conveyance was made, there was an incumbrance, by way of mortgage, on said estate; and that the defendant has become the assignee thereof; and the plaintiffs claim to have a right to redeem the estate therefrom; and allege that they have taken the steps required by law to entitle them to do so. The defendant resists this claim upon two grounds: — first, that he was a subsequent *bona fide* purchaser of the same estate of Messrs. Wheeler and Perkins; and that the deed of those gentlemen to Vose and Spaulding was, as he avers, but a mortgage; and that the condition of it has been performed; and, secondly, that as it respects a portion of the premises, the deed of Messrs. Wheeler and Perkins to Vose and Spaulding, does not

so describe the same, as that it could pass to them.   This last objection we will first consider.

The deed to Vose and Spaulding describes this portion of the premises as follows : — " also a lot of land, situate in said Augusta, conveyed to us by George W. Perkins by deed, dated May 25th, A. D. 1836, and recorded, book 92, page 51." The deed recorded on the page, and in the volume named, is found to have been from George W. Perkins, Sr., to George W. Perkins, Jr., the latter of whom, was one of the firm of Messrs. Wheeler and Perkins.   But the deed, thus recorded, bears date May 25th, 1835, and does not purport to be to Wheeler and Perkins, as seems to have been supposed, in the deed, by them to Vose and Spaulding.   But it is not pretended that there is any other deed on record from George W., Sr. to George W., Jr., nor is it pretended, that there is any other deed on record from the former to the latter, or to Wheeler and Perkins, except the one found on page 50, of volume 92, being of the other parcel conveyed, and so described. There is therefore no lot of land answering to that part of the description above quoted, and naming the grantee in the deed ; nor is it pretended that there ever was any deed, named in the quotation, of the date of 1836.   These two particulars, in the deed referred to, wholly fail ; and cannot apply to any thing.   Is there any other part of the description in the quotation which can identify the land intended to be conveyed ? If there is, it may pass, as has often been held.   A deed is found to have been recorded in the book and page named, from George W. Perkins, Sr., to George W. Perkins, Jr., of a lot of land ; and land owned by either of the grantors severally, may pass by a deed made by them jointly, if such can be seen to have been the intention of the parties.   It is not to be doubted, but that the grantors intended, by the description as quoted, to convey something ; and as the book and page of the records are referred to, for a description of what was intended to be conveyed, and, as we there find a lot described, which one of the grantors owned, there is as little reason to doubt, that the intention was to convey that estate particularly, as the

residue of the description cannot be made to apply to any thing else. And such a conveyance, duly recorded, as this was, must be deemed to be notice to all subsequent grantees of the same estate, from the same grantors. This objection therefore, was not well founded.

As to whether the conveyance to Vose and Spaulding, is to be deemed a mortgage or not, it may not be necessary to inquire. If it were a mortgage, and any part of the supposed condition remains unperformed, the plaintiffs, as to their right to redeem from the mortgage held by the defendant, will be in the same predicament as if their conveyance should be deemed to be unconditional. If in equity we can consider it a mortgage, the condition, the performance of which would render it void, would be that the grantors should " pay all liabilities now due, or which may hereafter be due from them to the Freeman's Bank, upon paper indorsed by the said Vose, or any other individual; also any sum which now or hereafter may become due to the Augusta Bank, from the said Wheeler and Perkins; also any sum now due, or hereafter to become due, from them to the Granite Bank; also to Neguemkeag Bank; also any sum now due, or which hereafter may become due, to Joseph Eaton, of Winslow, and to S. Eaton." It is not averred in the defendant's answer, that the grantors ever performed such a condition; but it is averred by the defendant, that believing the deed, in equity, would be treated as a mortgage, " he had, at different times, and before the service of the plaintiffs' bill upon him, and before the demand made upon him by the plaintiffs, as set forth in their said bill, paid and extinguished all the debts and liabilities specified in said deed." And, as he had a subsequent deed of conveyance, from the same grantors, such a performance, if clearly established, and in conformity to the true intent of such supposed condition, might avail him in equity, if the deed should be treated as a mortgage. The burthen of proof would, however, rest upon him clearly to establish such grounds of defence. It is manifest, if the deed of Wheeler & Perkins is to be treated as a mortgage, they were so to perform the condition, that no detri-

ment should come to Vose or Spaulding from the liabilites to which they were subjected for and on account of the grantors, arising from the demands named in their deed. It is not averred by the defendant, that this was done, and the evidence shows that Vose has been put to much expense and trouble, by reason of his liabilities, consequent upon the non-performance of the supposed condition by the grantors, according to its spirit and meaning, and for which he has not been remunerated.

Again — it appears, that there is a certain debt due to the assignees of the Neguemkeag Bank, the security for which had been canceled, and given up to one Eaton by the plaintiff, Vose, as the attorney of that Bank, through misapprehension, and which was embraced in the terms of said supposed condition. There is also evidence tending to show, but concerning which we give no opinion, that another debt, within the terms of said supposed condition, yet due to an assignee or assignees of the Freeman's Bank, had also been canceled through mistake or misapprehension.

We cannot, therefore, consider it as made out by the defendant, that " he has, at different times, and before the service of the plaintiffs' bill upon him, as set forth in their bill, paid and extinguished all the debts and liabilities specified in said deed," according to the intent and import of said supposed condition. The plaintiffs, therefore, must be deemed to have a right to redeem the premises, and to hold the same, at least, until all equitable claims arising to the plaintiffs, or either of them, under the deed of Wheeler and Perkins to Vose and Spaulding, and the assignee of the latter, the said plaintiff, Hallet, shall have been discharged. This being accomplished, the defendant will be in a condition to bring his bill in equity, claiming to redeem the estate as holden in mortgage.

As this case now stands, unless the parties can agree on the amount to be paid to redeem the premises from the mortgage held by the defendant, a master will be appointed to ascertain the amount; after which a decree may be entered for redemption.