[No. 3323.   Aug. 6, 1929.]

PEYTON et al. v. BROWNING.

[280 Pac. 253.]

Mechem & Newell, of Las Cruces, for appellants.

H. B. Hamilton, of El Paso, Tex., for appellee.

## OPINION OF THE COURT

SIMMS, J.   The trial court in substance found that, prior to the year 1907, John Y. Hewett was the owner in fee of two contiguous tracts of land through which the Ruidoso river runs.   One tract he contracted in that year to sell to Maxwell, under a bond for title, and the other he similarly contracted to sell to Pope.   Both went into possession.   The Pope land was irrigated from a ditch called the Hewett ditch, which also ran through and watered a portion of the Maxwell land.   It was orally agreed between the two contract purchasers, and without the knowledge of Hewett, who lived at White Oaks, that Pope should, at his own expense, take out a new ditch called the Pope ditch, which heads on the Maxwell tract and runs through that tract down upon the Pope tract where it irrigates the land, and that he should construct and maintain this as an individual ditch for the sole use and

benefit of his tract, and that in return he should cease to use water for his land from the other or Hewett ditch, leaving that to Maxwell, and thereby benefiting both purchasers and simplifying the water situation between them. Pope started his dam and ditch in 1907, but before finishing it he sold out his equity under his land contract to Coe, who, after making inquiry of Maxwell as to whether the projected and as yet uncompleted Pope ditch was to be an individual ditch and being by Maxwell assured that it was, assumed the contract and completed it with Hewett. Coe finished the Pope ditch in time to use it for the season of 1908. Thereafter Maxwell abandoned his contract and gave back to Hewett possession of his tract with the Pope ditch completed thereon. Hewett held the title until 1916, when he deeded it to Peyton, predecessor in title to plaintiffs.

In conveying the Pope tract to Coe, predecessor in title to the defendant, in 1910, Hewett's deed, after describing the land itself, uses the following words:

"Containing eighty acres; also all the right of the party of the first part in and to the ditch or ditches and water used by and upon the above described land in such proportion as the amount of land conveyed by this deed and irrigated from such ditches shall bear to the whole of the land lying under and irrigated from such ditch or ditches."

Coe conveyed in 1913 to Hunter, including in the deed the same recitals with reference to the ditches and water. In 1917 Hunter conveyed to the defendant Browning, including in the deed "all the rights of the parties of the first part in and to the ditches and water used by and upon the above described land."

In the year 1916 Hewett conveyed the Maxwell tract to Peyton by warranty deed in usual form, in which nothing was said about the Maxwell tract being subject to an easement or servitude in favor of the Pope tract, nor was the Pope ditch excepted from the tract conveyed. The Pope ditch had been in existence for at least eight years prior thereto and was constantly in use by those who farmed the Pope or Coe tract during that time.

Each deed was promptly recorded upon delivery, so that there is no question of an unrecorded conveyance involved in this matter.

The trial court held that the deed from Hewett to Coe in 1910 was sufficient to carry not only the 80 acres of land therein described, but also that it conveyed the Pope ditch, dam, and water right as the private and individual property of the owner of the Pope tract, and that the plaintiffs, as successors in title to Peyton on the Maxwell tract, had no right to enjoin Browning from refusing to let them use the Pope ditch.

Appellants complain of this ruling and say that there are but two points involved in this appeal: First, they say that defendant did not prove title by prescription, which requires 20 years; and, second, they assert that the deed from Hewett to Coe is not sufficient to convey the Pope dam, ditch, and water right because of the insufficiency of the description therein, which, they assert, does not give color of title within the meaning of our adverse possession statute.

The fallacy of appellants' contention is apparent when we discover that the trial court did not base his decree for the defendant upon either prescription or adverse possession. He based it upon the conclusion that the deed from Hewett to Coe in 1910 had the effect of conveying the title to the Pope ditch, dam, and water right.

██ ██ But if we treat appellants' objections to the sufficiency of the Hewett deed to Coe without reference to adverse possession, appellants are in no better position. In the case of First Savings Bank & Trust Co. v. Elgin, 29 N. M. 595, 608, 225 P. 582, 585, we said:

"In arriving at the correct solution of this problem, it is the province and duty of the court to place itself as nearly as possible in the situation of the parties to the instruments under which title is claimed, and endeavor to discover and give effect to the intention of the parties. Simpson v. Blaisdell, 85 Me. 199, 27 A. 101, 35 Am. St. Rep. 348. Much is said in the books about deeds which are void because of uncertainty in the description of the premises attempted to be conveyed, but it is not to be understood that the sufficiency of a description in a deed is to be measured by any inflexible rule or set of rules. The test in every case, as in the case of contracts other than deeds, is whether or

not the intention of the parties can be discovered and effectuated. If so, unless the rights of third parties intervene to prevent, the deed is valid; if not, it is invalid. So, if a deed contains an indefinite and uncertain description, and the parties, either before the execution of the instruments or afterwards, by agreement, go upon the ground and mark out the boundaries of the land intended to be conveyed, the deed is valid (Simpson v. Blaisdell, supra), and the same result would undoubtedly follow if the grantee should go upon the lands of the grantor and mark out the boundaries and go into possession of the land claimed under the conveyance and so remain in possession with the acquiescence of the grantor."

See, also, Armijo v. New Mexico Town Co., 3 N. M. 427, 5 P. 709, and Maxwell Land Grant Co. v. Dawson, 7 N. M. 143, 34 P. 191.

Applying the rule announced in the foregoing cases to the present one before us, can the intention of Hewett and Coe be discovered and effectuated with reference to this Pope ditch and water right? We think it can. The deed was dated six years prior to Peyton's deed, under which appellants claim, and the ditch had been marked out visibly on the ground for at least eight years before the conveyance to Peyton. The water was continuously used exclusively upon the Browning or Pope tract for that period of time. The appellants cannot contend that Peyton took without notice, because he knew of the existence of the ditch. What Hewett intended to convey to Coe is plain. He was the owner of both tracts and all ditches and water rights pertaining thereto. He did not trouble himself to inquire into or ascertain exactly what ditches watered the Pope tract; he simply included all such in his deed to Coe. The Pope ditch was the sole and only one which watered the tract, and, since it watered no other tract, it passed by Hewett's deed to Coe. The description in the deed was sufficient to convey both the ditch itself and the dam and water right.

It follows that the decision of the trial court was correct and should be affirmed, and the cause remanded, and it is so ordered.

BICKLEY, C. J., and CATRON, J., concur.

PARKER and WATSON, JJ., did not participate.