[No. 3349. June 6, 1930.]

[On Rehearing Sept. 17, 1930.]

WEEKS v. PADILLA et al.

[291 Pac. 922.]

W. C. Whatley, of Las Cruces, for appellant.

Mechem & Newell, of Las Cruces, for appellees.

OPINION OF THE COURT

WATSON, J.

Plaintiffs sued in statutory form to quiet their title to lands, describing them by stated courses and distances from a point of beginning.

Defendant, who, as appears in evidence, was in possession of the lands described, as part of a larger fenced tract, denied the allegations of the complaint except the allegation that he made adverse claims.

Plaintiffs claimed as the heirs of Juan Apodaca and Atanacio Apodaca, brothers, to whom, on December 22, 1890, deeds of adjoining tracts had been made by the commissioners of the Refugio civil colony grant.

The deed to Juan Apodaca contains this description:

"* * * A parcel of farm land situated at La Union, N. M. of the following measurements: From north to south on the east it contains 225 yards bound by public road from east to west on the south it contains 225 yards bound by lots of the new settlement from south to north on the west it contains 350 yards bound by Atanacio Apodaca from west to east on the north it contains 238 yards bound by vacant land."

The deed to Atanacio Apodaca contains this description:

"* * * A parcel of farm land situated at La Union, N. M. of the following measurements: From north to south on the east contains 350 yards bounded by Juan Apodaca from east to west on the south 250 yards bound by vacant land from south to north on the west 350 yards bound by vacant land from west to east north it contains 200 yards bound by vacant land."

From a judgment quieting plaintiff's title, under the description contained in the complaint, defendant has appealed.

■ It is urged that the deeds were not admissible in evidence because void for uncertainty of description. In an early case the territorial Supreme Court laid down the general rule for testing the sufficiency of description in a conveyance. It was held that, while "the thing conveyed must be so described as to be capable of identification," if the deed "affords sufficient means of ascertaining and identifying the land intended to be conveyed" it will be sufficient, though identification requires "the aid of extrinsic evidence." Armijo v. N. M. Town Co., 3 Gild. (N. M.) 427, 5 P. 709, 712. This rule has been followed in recent cases. State v. Board of Trustees of Las Vegas, 32 N. M. 182, 253 P. 22; Garcia v. Pineda, 33 N. M. 651, 275 P. 370. See, also, Bank v. Elgin, 29 N. M. 595, 225 P. 582.

Appellant contends that the present case is not within the rule. He argues that "there is no reference to any known tracts bounding the lands attempted to be conveyed" other than the reference in each description to the other, that "there is no starting place and no ending place," and that "such lands might be in a hundred different places in the Refugio Colony Grant." Appellant overlooks that Juan Apodaca's deed has a public

road as its easterly boundary and the "lots of the new settlement" as its southerly boundary. Those two boundaries being determined by extrinsic evidence, a southeast corner and two courses are established. The distances are furnished by the deeds, and the surveyor's problem is merely to close the boundary. Atanacio Apodaca's description is tied only to Juan's; yet this tie forms his easterly boundary and two corners. All that is needed to complete the platting of this description is the course of either the northerly or the southerly line. We see no reason, under the authorities cited, and appellant suggests none, for excluding extrinsic evidence to that point.

It would seem, therefore, that the deeds were not necessarily inadmissible, but that, aided by extrinsic evidence, they might be competent.

Appellant contends that title never passed under these deeds because of noncompliance with a precedent condition. Referring to the abstract, it would appear, as a condition to the vesting of title, that the "grantee must erect a house and reside with his family in the town for a period of four years; that in two years he must have said land under cultivation and in three months he must take possession and fix the boundaries of said land." But, according to the deeds themselves, the condition was merely "the (sic) he must have his house and reside with his family in the settlement, being free from thence on to make whatever use which may be more agreeable to his will as something of his own * * *" Appellant's argument is based upon the erroneous recitals of the abstract.

Finally, it is urged that the evidence fails to show that the land described in the complaint and the decree is that described in the deeds.

The survey was made by Captain Yeo, now state engineer. He testified that the deeds did not enable him to locate the land, but that information given him by unnamed persons present enabled him to locate approximately the southeast corner of the survey. From this information and from the reference in the deeds to a "public road still visible," and to "the new settlement," which he interpreted

to mean the town of "Nombre de Dios Nuevos," he was of the opinion that that point had been "located very closely." Upon "testimony" of those present, he projected the southerly line of the Juan Apodaca tract to determine the southerly line of the Atanacio Apodaca tract. And upon statements that the north line of the combined tracts was practically straight, he located the northeast corner of the Juan Apodaca tract 1,050 feet, instead of 675 feet, northerly from the southeast corner.

If this were all of the evidence, the case would clearly be controlled by Bank v. Elgin, supra, wherein such hearsay as this was held not sufficient.

But we have also to consider the following testimony of David Madrid:

"I knew Atanacio and Juan Apodaca, and knew the land granted to them by the Refugio Colony Grant and knew where it was situated. It joins the property that was bought by Dr. Weeks. I took Mr. Yeo, the surveyor, down there and pointed out to him where this property was and he surveyed it. .He took two helpers with him from Las Cruces. He surveyed the tracts that belonged to both of these men and marked them at the division. It was some time in October last year."

On cross-examination, he testified:

"The survey was not made by Captain Yeo from the information I gave him. He took the deeds. He located the boundaries from those deeds. His survey did not depend on what I told him. I went along with him because I wanted to show him the points more or less, because I know the land. I knew the monuments, when they were put there. There were no monuments when this survey was made, but I had in my mind, more or less, if not exactly, where they should be and told the surveyor."

This evidence is not so clear and definite as is desirable. Yet its presence in the record distinguishes this case from Bank v. Elgin, supra. We cannot say that the learned trial judge was not warranted in concluding that the essential information as to the location of corners was given to the surveyor by Madrid, who knew where the land was, and, more or less, if not exactly, where former monuments had been located.

As to matters here urged and considered, we find the judgment free from error. It will be affirmed, and the cause remanded. It is so ordered.

## ON REHEARING

A rehearing having been granted, we have, on reconsideration, reached a different conclusion.

It was the task of the appellees to establish that the lands for which they sued were those deeded to their predecessors by the commissioners of the grant. The deed alone is relied on as a source of title. The testimony of the surveyor shows affirmatively that he departed widely from the descriptions which should have controlled the survey. Relying on "statements" that the north line of the combined tracts was practically straight, he established the northeast corner 1,050 feet north of the southeast corner, though the deed itself calls for an east line of but 675 feet. He thus materially enlarged the description.

Assuming that it was the witness Madrid who made the "statement," and that there is evidence to show that the southeast corner was properly located at a starting point, it nevertheless appears that the survey is incorrect and includes several acres of land to which the deeds did not give title. The judgment is therefore erroneous.

Whether the testimony of Madrid is sufficient to render the surveyor's hearsay testimony admissible is no longer controlling. What we said in the last paragraph of the foregoing opinion is withdrawn, and we express no opinion regarding that matter.

The judgment will be reversed. The cause will be remanded, with a direction to render judgment that plaintiffs (appellees) take nothing by their complaint. It is so ordered.

PARKER and SIMMS, JJ., concur.

BICKLEY, C. J., and CATRON, J., did not participate.