426 P.2d 593

Anastacio **MARQUEZ**, Raymond Gonzales, Telesfor Chavez, Benjamin Apodaca, Serafin Marquez, Members of the Board of Trustees of the Seboyeta Land Grant, the Board of Trustees of the Seboyeta Land Grant and the Seboyeta Land Grant, Plaintiffs-Appellees,

**v.**

Herman **PADILLA** and Vina Padilla, Defendants-Appellants.

**No. 8233.**

Supreme Court of New Mexico.

April 17, 1967.

Chavez & Cowper, Belen, for appellants.

Stewart Rose, III, Albuquerque, for appellees.

## OPINION

MOISE, Justice.

The Seboyeta Land Grant sought in this action to quiet title to the following described tract of land located within the exterior boundaries of the grant:

"A tract of land situated within the Cebolleta Grant (unsurveyed). By graphic projection of the Government Survey this tract is located in the N½ of section 20 T.11 N., R. 5 W., N.M.P.M. and is more particularly described as follows:

From the point of beginning, the brass cap closing corner marking the intersection of the original south boundary of the Cebolleta Grant and the west line of section 20 bears S. 75 deg. 26′ W. and is 1998.63 feet distance; thence from the above said point of beginning N. 55 deg. 46′ W. 135.0 feet; thence N. 34 deg. 14″ E. 1598.23 feet; thence S. 1 deg. 40′ E. 34.48 feet; thence S. 26 deg. 08′ E. 133.28 feet; thence S. 34 deg. 14′ W. 1500.0 feet to the point of beginning. The tract contains an area of 4.769 acres, more or less."

There is no dispute concerning the fact the land in issue is situated in the Grant and has never been conveyed by the Grant. The record discloses a deed from Jose Rafael Marquez and Rita Marquez de Candelaria to Jose Telesfor Lopez, dated January 8, 1903, recorded January 26, 1903 and purporting to convey the following described property:

"One Piece of Land situated at the little Village of Soballetita and bounded as follows. On the North by Lands of Telesfor Lopes on the South by the Woods or El Alto called El Monte on the East by Lands of Maria and Secundo Archundo on the West by Land of Tomas Sandoval —being in width forty five yds wide and about 800 yds Long. The width being from East to West and the Length from North to South."

Jose Telesfor Lopez was the grandfather of defendant, Herman Padilla. He died in 1917. His widow died in 1933. Herman Padilla's mother acquired the property by inheritance and purchase. She, in turn, conveyed it in 1962 to the defendants.

Defendants deny that plaintiff is the owner of the property and base their claim to ownership as successors to Jose Telesfor Lopez, and possession in him for ten years or more commencing in 1903, holding and claiming the same under the 1903 deed from Jose Rafael Marquez and wife, purporting to convey a fee simple title to the land described in the deed, and the absence of any suit in law or equity effectually prosecuted concerning the land for more than ten years, which, under § 23–1–21, N.M.S.A.1953, entitled Jose Telesfor Lopez to keep and hold in possession the land described in the deed against the claims of all.

The court decided the issues for plaintiff and made the following findings which defendants attack:

"6. That the Defendants have not been in possession of the premises in question for the past ten years.

"7. That Defendants have failed to prove an actual and visible appropriation of the premises in question inconsistent with and hostile to the claim of the Plaintiffs thereto and under a claim of right therein.

"8. That Defendants have not paid the taxes upon the premises in question for a continuous period of ten years.

"9. That the several deeds and conveyances, heretofore introduced into evidence by the Defendants, cannot be determined from their four corners to describe the premises in question."

We are called upon to determine (1) if the proof of possession for ten years or more, commencing in 1903, was sufficient to establish title under § 23–1–21, supra; (2) whether there must be possession for ten years next preceding suit, found to be absent in finding No. 6; (3) whether failure to prove

payment of taxes for ten years, as found in finding No. 8, is material; and (4) whether the deed which furnished color of title was adequate for the purpose of determining the location and boundaries. of the property, contrary to finding No. 9.

We will first dispose of items (2) and (3) since they present fairly simple and clear-cut problems.

As to item (2), our decision in Hoskins v. Talley, 29 N.M. 173, 220 P. 1007 (1923), would seem to supply a complete answer. We there held that continuous and uninterrupted possession with the exercise of complete dominion, together with manifestation of ownership under color of title for the requisite length of time, established title in the possessor. Accordingly, if defendants' predecessor in title entered into possession in 1903, under color of title of the deed from Jose Rafael Marquez, and remained in possession uninterruptedly for more than ten years continuously thereafter, exercising complete dominion and manifesting ownership over the property, title would have vested in 1913, and whether or not possession was continuous and uninterrupted thereafter would be immaterial, unless a later claim of adverse ownership in someone else intervened. There is no claim here that this has occurred. Consequently, insofar as the trial court considered possession for "the past ten years" as referred to in finding No. 6, to be material, it is clear that it was in error.

Jackson v. Gallegos, 38 N.M. 211, 219, 30 P.2d 719 (1934), clearly establishes that payment of taxes during the period of adverse holding is not required under § 23–1–21, supra, whereas, under § 23–1–22, N.M.S.A.1953, it is required. The proceeding here being under § 23–1–21, supra, failure to prove payment of taxes, as found in finding No. 8, was immaterial.

We next approach the more difficult problems of adequacy of description and proof of possession.

Unquestionably, the possession required to be proved under § 23–1–21, supra, is no different from that required under § 23–1–22, supra. It must be established as adverse under both. Heron v. Conder, 77 N.M. 462, 423 P.2d 985 (1967); Tietzel v. Southwestern Const. Co., 48 N.M. 567, 154 P.2d 238 (1944); Montoya v. Unknown Heirs of Vigil, 16 N.M. 349, 120 P. 676 (1911).

Likewise, it is clear that the possession required to establish title need not be complete occupancy of the entire area claimed, but where there is no question as to the property claimed and a part is actually physically occupied, and visible and notorious acts of ownership are manifested, nothing more is required. Baker v. Trujillo De Armijo, 17 N.M. 383, 128 P. 73 (1912); Montoya v. Unknown Heirs of Vigil, supra.

No hard and fast rule can be laid down as to exactly what must be done to in-

**624**

dicate adverse possession over a given piece of property. The requirements vary according to the nature and situation of the property. The rule announced· in Johnston v. City of Albuquerque, 12 N.M. 20, 28, 72 P. 9, 11 (1903) still holds:

" * * * Its determination must largely depend upon the situation of the parties, the size and extent of the land, and the purpose for which it is adapted. The only rule which is generally applicable is that the acts relied on to establish possession must always be as distinct as the character of the land reasonably admits of, and must be so exercised as to acquaint the owner, should he visit it, that a claim of ownership adverse to his title is being asserted. * * *"

See, also, Martinez v. Mundy, 61 N.M. 87, 93, 295 P.2d 209 (1956); Thurmond v. Espalin, 50 N.M. 109, 171 P.2d 325 (1946).

■ We would also note that our· cases indicate that to ·establish· adverse possession, the proof must be clear and convincing. This rule was announced in Montoya v. Catron, 22 N.M. 570, 166 P. 909 (1917). It has since ·been followed in First Nat. Bank of Albuquerque v. Town of Tome, 23 N.M. 255, 167· P. 733 (1917); Merrifield v. Buckner, 41 N.M. 442, 70 P.2d 896 (1937) and Christmas v.· Cowden, 44 N.M. 517, 105 P.2d 484 ·(1940).·

⁞ Understandably, the proof of the possessory.acts occurring in 1903 and thereafter·

are not as clear as might be hoped. · However, there is evidence that in 1903, under color of· the deed from Jose Rafael Marquez and· wife, defendants' predecessor in title entered the property to farm it and to use it for grazing his livestock. In addition, he marked out the corners. The proof further is sufficient to establish the fact this possession continued without interruption for more than ten years under a claim of ownership and right. There is also evidence of certain continuing acts of dominion after 1913, as farming, grazing of livestock, and building of a coal shed on the property by defendants and their predecessors. At the same time, we are aware that certain witnesses testified in a manner which might be considered to cast some doubt on certain of these facts. Absent a finding of adverse possession, we express no opinion as to whether the proof is sufficient to establish the same under the tests announced by this· court in the cases cited above. For· additional cases, see Stull v. Board of Trustees, etc., 61 N.M. 135, 296 P.2d 474 (1956); Lummus v. Brackin, 59 N.M. 216, 281 P.2d 928 (1955); G O S Cattle Co. v. Bragaw's Heirs, 38 N.M. 105, 28 P.2d 529 (1933).

■ In finding No. 7 the court found an absence of proof of the necessary elements of adverse possession. However, we are uncertain· as· to what the court intended thereby and, accordingly, do not decide if the finding is supported by substantial evidence. It is not clear whether the court in-

tended that finding No. 7 referred only to the last ten years preceding filing of the suit. As already noted, finding No. 6 covered the last ten years and, although no reference to the last ten years is present in finding No. 7, we are unable to say that the same period was not considered here. In other words, we cannot determine from the finding of the court if it was finding a failure of proof of adverse possession for ten years following 1903, or a failure of proof of adverse possession during the later period. Because of this uncertainty, it is necessary that the case be remanded to the trial court to make findings on this material issue in the case.

This leaves for determination the question of whether the description in the original deed is sufficient upon which to base title. This, too, is a problem which has often occupied the attention of this court in the past. However, the applicable rules have been expounded in a number of cases. The first of these was Armijo v. New Mexico Town Co., 3 N.M.Gild. 427, 5 P. 709 (1885). The description there involved was not too different from the one here being considered. It read:

"A tract or parcel of land situated and being in the county of Bernalillo, Territory of New Mexico, known as the place where Jesus Maria Martin resided, being one hundred and thirty-seven yards, from north to south, wide, containing about —— acres; bounded on the south by the lands of·Christiana Armijo, and on the north by the lands of M. Lopez."

Concerning the sufficiency of the description to convey particular property, the court stated:

"The general rule is that if the description of the premises given in a deed affords sufficient means of ascertaining and identifying the land intended to be conveyed, it is sufficient to sustain the conveyance. Vose v. Bradstreet, 27 Me. 156; Bosworth v. Sturtevant, 2 Cush. 392; Eggleston's Lease v. Bradford, 10 Ohio, 312."

That case has been cited and followed many times since it was announced, most recently in Hughes v. Meem, 70 N.M. 122, 371 P.2d 235 (1962) and in Quintana v. Montoya, 64 N.M. 464, 330 P.2d 549, 71 A.L.R.2d 397 (1958).

Further enlightenment may be derived from First Sav. Bank & Trust Co., Albuquerque v. Elgin, 29 N.M. 595, 608, 225 P. 582, 585 (1924), from which we quote:

" * * * [T]he real question before us is therefore whether or not the assumed grantee has established title to lands within the external boundaries of the assumed grantor's larger tract. In arriving at the correct solution of this problem, it is the province and duty of the court to place itself as nearly as possible in the situation of the parties to the instruments under which title is claimed, and endeavor to discover and give effect

to the intention of the parties. Simpson v. Blaisdell, 85 Me. 199, 27 A. 101, 35 Am.St.Rep. 348. Much is said in the books about deeds which are void because of uncertainty in the description of the premises attempted to be conveyed, but it is not to be understood that the sufficiency of a description in a deed is to be measured by any inflexible rule or set of rules. The test in every case, as in the case of contracts other than deeds, is whether or not the intention of the parties can be discovered and effectuated. If so, unless the rights of third parties intervene to prevent, the deed is valid; if not, it is invalid. So, if a deed contains an indefinite and uncertain description, and the parties, either before the execution of the instruments or afterwards, by agreement, go upon the ground and mark out the boundaries of the land intended to be conveyed, the deed is valid (Simpson v. Blaisdell, supra), and the same result would undoubtedly follow if the grantee should go upon the lands of the grantor and mark out the boundaries and go into possession of the land claimed under the conveyance and so remain in possession with the acquiescence of the grantor."

Other cases, all holding to the same effect, are Weeks v. Padilla, 35 N.M. 180, 291 P. 922 (1930); Peyton v. Browning, 34 N.M. 246, 280 P. 253 (1929); Garcia v. Pineda, 33 N.M. 651, 275 P. 370 (1929); State v. Board of Trustees of Las Vegas, 32 N.M. 182, 253 P. 22 (1927).

In the instant case, witnesses testified with certainty that from the description they could locate the property on the ground, and that the survey description covered the land in the deed. As we read the above cases, nothing more was required.

We would make mention that we have not overlooked the testimony that one David Torres was in possession of the property for a period under permission of the plaintiff, it being asserted that this permission was given while defendant's father was serving on the Board of Trustees. However, defendant's father undertook to explain that he had no objection to use of the property being made by Torres, and he gave permission, not as a member of the Grant Board, but as owner. In any event, Torres claims no present right in the property and we do not see how his connection therewith has any bearing on the title except as it may have been used to impeach defendants' claim.

It follows from what has been said that the cause must be reversed and remanded to the district court with instructions to set aside the decree entered by it, and to then proceed to make findings and determine the cause in a manner consistent herewith.

It is so ordered.

CARMODY, J., and SPIESS, J., Court of Appeals, concur.