455 P.2d 842

Benina S. LOPEZ, one and the same person also referred to and known as Benigna Saavedra Lopez and as Beniga Lopez, Plaintiff-Appellee,

v.

Saturnino BARBOA, a/k/a Nino Barboa, and Patsy Barboa, a/k/a Petra M. Barboa, Defendants-Appellants.

No. 8731.

Supreme Court of New Mexico.

June 16, 1969.

Carlos Sedillo, Albuquerque, for appellants.

Gilberto Espinosa, Albuquerque, for appellee.

## OPINION

MOISE, Justice.

Plaintiff-appellee brought this suit to quiet her title in and to a tract of land in the Town of Atrisco grant. The complaint sets forth a survey description and indicates that the tract contains 4.6 acres, more or less, and is known both as Tract 50 and as Tract 95, Row 1, Unit B of tracts allotted from the Town of Atrisco. The Town of Atrisco, a corporation, and the Town of Atrisco, a corporation, Trustee, filed a disclaimer of any right or interest in the land involved. All other defendants defaulted except Saturnino Barboa, a/k/a Nino Barboa and Patsy Barboa, a/k/a Petra M. Barboa, appellants herein.

At the trial appellee established her title by a deed dated March 20, 1967 from the Town of Atrisco, a corporation, describing the exact land set forth in the complaint. Appellants produced a deed dated March 14, 1956, recorded June 29, 1956, executed by one Antonio R. Armijo, a single man, as grantor, and Nino Barboa and Petra M. Barboa, his wife, as grantees, conveying a five-acre tract described by calls and distances. This deed does not appear to have been offered or received in evidence. (A survey plat dated and purportedly filed in 1958 was also produced but not received in evidence.) However, appellee does not defend on this basis, but rather that there was no showing of any conveyance by the admitted owner, Town of Atrisco grant to Antonio R. Armijo, and that appellants neither pleaded nor proved title in them by adverse possession.

Appellants attack the judgment under one point wherein they assert error by the court in finding the appellee the owner of the property, and the appellants without right, and in refusing appellants' requested findings.

The argument advanced is not specifically addressed to the findings made or refused, but rather proceeds on the theory that the situation presented by the record here is identical with that considered and disposed of in Marquez v. Padilla, 77 N.M. 620, 426 P.2d 593 (1967). Accordingly, we limit our consideration to this narrow proposition.

When so restricted, we are immediately impressed with the difference in the situation of the land present here and in the Marquez case, as well as the difference in the circumstances surrounding the use. As stated there:

"No hard and fast rule can be laid down as to exactly what must be done to indicate adverse possession over a given piece of property. The requirements vary according to the nature and situation of the property. The rule announced in Johnston v. City of Albuquerque, 12 N.M. 20, 28, 72 P. 9, 11 (1903) still holds:

"'* * * Its determination must largely depend upon the situation of the parties, the size and extent of the land, and the purpose for which it is adapted. The only rule which is generally applicable is that the acts relied on to establish possession must always be as distinct as the character of the land reasonably admits of, and must be so exercised as to acquaint the owner, should he visit it, that a claim of ownership adverse to his title is being asserted. * * *'

See, also, Martinez v. Mundy, 61 N.M. 87, 93, 295 P.2d 209 (1956); Thurmond v. Espalin, 50 N.M. 109, 171 P.2d 325 (1946)."

In Marquez it appears that in 1903, under color of title, the predecessor in inter-

est of the adverse claimant entered the property in question to farm it and to graze livestock. He staked out the corners of the property, built a coal shed on it, and, for more than ten years following, farmed the land and grazed his livestock. Here the only proof of acts of dominion over the property came from one of appellants who testified that he grazed some horses there for two or three months in the summer—how many is not clear—and that he has received some rental payments to permit signs to be erected on the property —whether this identical property or adjoining land also claimed by him is likewise not clear.

Although objection was made to the introduction of evidence relating to adverse possession, for practical purposes, the objection was overruled when the judge directed the trial to proceed. No findings on the subject were made, and since appellants had the burden of establishing their claim, and requested findings on the subject which were refused, in 'legal effect this was a finding against them. Compare Gallegos v. Wilkerson, 79 N.M. 549, 445 P.2d 970 (1968); Wynne v. Pino, 78 N.M. 520, 433 P.2d 499 (1967); Baker v. Shufflebarger & Associates, Inc., 77 N.M. 50, 419 P. 2d 250 (1966).

There is no evidence that the description in the Armijo deed of March 14, 1956, relied upon by appellant for his title under § 23-1-21, N.M.S.A.1953, was sufficient to identify the property claimed. In addition, we are impressed that the meager showing offered as a basis for appellants' requested finding of possession is not sufficiently clear and convincing to compel a reversal of a finding to the contrary. The situation is materially different from that presented in Marquez v. Padilla, supra. We are constrained to hold that no reversible error has been demonstrated, and that the judgment appealed from should be affirmed.

It is so ordered.

NOBLE, C. J., and WATSON, J., concur.