·494 P.2d 618

In the Matter of Diana Estrada,
a Juvenile.

Diana ESTRADA, Appellant,

v.

JUVENILE COURT Of the State of New
Mexico, TWELFTH JUDICIAL DIS-
TRICT, OTERO COUNTY, Appellee.

No. 9362.

Supreme Court of New Mexico.

March 3, 1972.

John S. Spence, Alamogordo, for appellant.

David L. Norvell, Atty. Gen., James H. Russell, Asst. Atty. Gen., Santa Fe, Norman D. Bloom, Jr., Dist. Atty., Twelfth Judicial Dist., Alamogordo, for appellee.

## OPINION.

OMAN, Justice.

Appellant, a juvenile, was charged with habitually deporting " * ·* * herself as to injure or endanger the morals, health or welfare of herself or others contrary to Section 13–8–26 [subd. A] (4) of the Juvenile Code of the State of New Mexico, to-wit: Did commit the offense of unlawful use of a Depressant, stimulant, or hallucinogenic drugs (Yellow Jackets—barbiturate) and did violate the conditions of her probation."

After trial the juvenile court entered an order finding appellant " * ·* * guilty of unlawful use of a depressant in which she endangered the health, welfare and morals of herself." Subsequently another order was entered whereby she was declared to be a juvenile delinquent, made a ward of the court and placed in the care, custody and control of the Girls' Welfare Home located at Albuquerque. She has appealed and we reverse.

Appellant relies upon five points for reversal. We need not and do not consider the last two of these points which relate to claimed errors on the part of the juvenile court in admitting a certain exhibit into evidence and in denying appellant a fair and impartial trial. The first three points relied upon will be discussed in the order of their presentation in the briefs.

By her first and second points, she urges the juvenile court's finding that she used a depressant does not constitute a finding that she violated any law of the State of New Mexico, and the evidence and findings of the juvenile court failed to show she " * * * habitually deported herself as to injure or endanger the morals, health or welfare of herself or others."

The State agrees with these positions. It admits it is unable to find any statute which makes the use of a depressant unlawful or imposes a penalty for the use thereof. The State further concedes there was no evidence of any habitual conduct on her part which was prejudicial to the morals, health or welfare of herself or others. The juvenile attorney admitted the absence of evidence of any such habitual conduct, and no finding was made that appellant was guilty thereof.

By her third point, appellant asserts the failure of the juvenile court to make a finding on the issue of the alleged violation by her of her probation amounts to a finding that she had not in fact violated her probation. She relies upon Lopez v. Barboa, 80 N.M. 338, 455 P.2d 842 (1969); State for Use of Thornton v. Hesselden Const. Co., 80 N.M. 121, 452 P.2d 190 (1969); Gallegos v. Wilkerson, 79 N.M. 549, 445 P.2d 970 (1968).

The State agrees appellant's third point is well taken and that the authorities cited by her support her position.

We agree with appellant and the State that the orders of the juvenile court are unsupported by the evidence and the law. The orders should be reversed and appellant discharged.

It is so ordered.

McMANUS and STEPHENSON, JJ., concur.